**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375



12 CIV 8333

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXCIMO SCOTT on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | CLASS ACTION COMPLAINT |

Plaintiff Maxcimo Scott ("Plaintiff"), individually and on behalf of all others similarly situated, as class representative, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime compensation for Plaintiff and his similarly situated co-workers, salaried Apprentices and/or Assistant Managers (hereinafter "Apprentices"), who work or have worked at the Chipotle Mexican Grille Restaurants nationwide (collectively "Chipotle").

2. Chipotle is a chain of Mexican style Restaurants known for its' natural ingredients and assembly line production. According to their website, Chipotle considers itself a "fast-casual" dining establishment, where "customers expect food quality that's more in line with full-service restaurants, coupled with the speed and convenience of fast food." http://www.chipotle.com/en-us/company/about_us.aspx.

3. According to Chipotle's Form 10-K for the fiscal year ending on December 31, 2011, Chipotle operated 1,350 restaurants, employed 2,570 salaried employees and 28,370 hourly employees. For the fiscal year 2011, Chipotle earned approximately $2.27 billion dollars in revenue.

4. Chipotle's restaurants are designed around the concept of an open kitchen, where employees are constantly engaging customers and preparing meals in front of customers in an assembly line production. In fact, Chipotle states in its' 2011 form 10-K that, "All of our restaurant employees are encouraged to interact with customers no matter their job, whether preparing food or serving customers..." Chipotle further states that its' "employees spend hours preparing our food onsite."

5. At Chipotle, Apprentices are required to assist in service while on duty. Rather than managing and supervising the restaurant, Apprentices typically spend the majority of their shifts working the assembly line, filling orders for customers, grilling, operating the cash register, and preparing items for the line including salsa, guacamole, chopped vegetables and other food items.

6. Regardless of the amount of hours worked, Apprentices are compensated by an average salary starting under $40,000.00 per year and do not receive overtime compensation. In that regard, Defendants classify Apprentices as a managerial position, and thus purportedly exempt from overtime pay. However, as outlined above, an Apprentice's primary duties are similar to those performed by hourly employees and are thus not exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and New York Labor Law ("NYLL"), Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

7. Upon information and belief, Defendant applied the same employment policies, practices, and procedures to all similarly situated employees at the nationwide chain of Chipotle restaurants.

8. Plaintiff brings this action on behalf of himself and similarly situated current and former employees who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

9. Plaintiff also brings this action on behalf of himself and all similarly situated current and former employees pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

## THE PARTIES

### Plaintiff

**Maxcimo Scott**

10. Maxcimo Scott ("Scott") is an adult individual who is a resident of Bronx, New York.

11. From in or around 2007 to 2009 Scott was employed by Defendant as a Crew Member at the Chipotle located at 9 Saint Marks Place, New York, New York 10003 ("St. Marks"). From in or around 2009 to October 17, 2011, Scott was employed as an Apprentice at the St. Marks Chipotle. From in or around October 17, 2011 to the present, Scott has been employed as a General Manager at the Chipotle located at 55 E 8th Street, New York, New York 10003.

12. As an Apprentice, Scott frequently performed the functions of an hourly Crew member on the line. Defendant knew about this practice and encouraged this practice in order to reduce labor costs.

13. Scott frequently worked over 40 hours per week with a maximum of approximately 55 hours per week.

14. Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Scott premium overtime pay when he worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

15. Scott is a covered employee within the meaning of the FLSA and the NYLL.

16. A written consent form for Scott is being filed with this Class Action Complaint.

**Defendant**

### Chipotle Mexican Grill, Inc.

17. Chipotle Mexican Grill, Inc. ("Chipotle Mexican Grill") has owned and/or operated the Chipotle restaurants during the relevant period.

18. Chipotle Mexican Grill is a foreign business corporation organized and existing under the laws of Delaware.

19. Upon information and belief, Chipotle Mexican Grill's principal executive office is located at 1401 Wynkoop Street, Suite 500, Denver, Colorado, 80202.

20. At all times relevant, Chipotle Mexican Grill has been the corporate entity listed on Plaintiff's paychecks and W-2 forms.

21. Chipotle Mexican Grill is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

22. At all times relevant, Chipotle Mexican Grill maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and

other employment practices that applied to them.

23. Chipotle Mexican Grill applies the same employment policies, practices, and procedures to all Apprentices at the Chipotle restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation.

24. Upon information and belief, at all times relevant, Chipotle Mexican Grill's annual gross volume of sales made or business done was not less than $500,000.00.

## JURISDICTION AND VENUE

25. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

26. This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

27. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

28. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

29. Plaintiff brings the First Cause of Action, an FLSA claim, on behalf of himself and all similarly situated persons who have worked as Apprentices at Chipotle restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

30. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated Apprentices.

31. Consistent with Defendant's policy and pattern or practice, Plaintiff and the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in

a workweek.

32. All of the work that Plaintiff and the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

33. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, premium overtime wages for hours that they worked in excess of 40 hours per workweek;

(b) willfully misclassifying Plaintiff and members of the FLSA collective as exempt from the protections of the FLSA; and

(c) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

34. Defendant is aware or should have been aware that federal law required them to pay Plaintiff and the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

35. Plaintiff and the FLSA Collective perform or performed the same primary duties.

36. Defendant's unlawful conduct has been widespread, repeated, and consistent.

37. There are many similarly situated current and former Apprentices who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

38. Those similarly situated employees are known to Defendant, are readily identifiable and can be located through Defendant's records.

## **CLASS ACTION ALLEGATIONS**

39. Plaintiff brings the Second Cause of Action, a NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at the Chipotle restaurants between November 15, 2012 and the date of final judgment in this matter (the "Rule 23 Class").

40. Excluded from the Rule 23 Class are Defendant, Defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

41. The members of the Rule 23 Class are so numerous that joinder of all members is impracticable.

42. Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendant.

43. Defendant has acted or has refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

44. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   (a) whether Defendant violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

   (b) whether Defendant failed to compensate Plaintiff and the Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendant misclassified Plaintiff and the Rule 23 Class;

(d)     whether Defendant failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;

(e)     whether Defendant failed to furnish Plaintiff and the Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the NYLL;

(f)     whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(g)     the nature and extent of class-wide injury and the measure of damages for those injuries.

45.     The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendant as Apprentices at Chipotle. Plaintiff and the Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked and to be paid overtime wages. Plaintiff and the Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the NYLL. Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to Defendant's common policies, practices, and patterns of conduct.

46.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class. Plaintiff understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class. Plaintiff recognizes that any resolution of a class action must

be in the best interest of the class. Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between Plaintiff and the Rule 23 members.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's violations of the NYLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendant's timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

48. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

49. Throughout his employment with Defendant, Plaintiff and the members of the FLSA Collective and the Rule 23 Class (collectively "Class Members") consistently worked more than 40 hours per week.

50. Plaintiff's duties were assigned to him by his superiors.

51. Defendant was aware that Plaintiff and the Class Members worked more than 40 hours per workweek, yet Defendant failed to pay overtime compensation for hours worked over 40 in a workweek.

52. Defendant did not keep accurate records of hours worked by Plaintiff – Plaintiff's hours are not recorded on paystubs, and Plaintiff was not required to clock in or out, or otherwise record his time.

53. Plaintiff and the Class Members' primary duties were routine, non-exempt tasks including, but not limited to:

    a. greeting customers;

    b. serving customers,

    c. grilling and preparing food; and

    d. operating the cash register.

54. Plaintiff and Class Members spent the majority of their time serving customers, working on the assembly line, and performing the same tasks as the hourly employees.

55. Plaintiff and Class Members' duties did not differ substantially from the duties of non-exempt hourly employees.

56. Plaintiff and Class Members' primary job duties as Apprentices did not include:

    a. Hiring;

    b. Firing;

    c. Scheduling; and

    d. Disciplining other employees.

57. Plaintiff's primary duty was not directly related to Defendant or Defendant's customers' management or general business operations and did not include the exercise of discretion and independent judgment regarding matters of significance. In that regard, Plaintiff:

    a. was not involved in planning Defendant's long or short term business objectives;

    b. could not formulate, affect, implement or interpret Defendant's management policies or operating practices;

    c. did not carry out major assignments that affected Defendant's business operations;

    d. did not have authority to commit Defendant's in matters that have significant financial impact; and

    e. could not waive or deviate from Defendant's established policies or procedures without prior approval.

58. Plaintiff's primary duties were manual in nature. The performance of manual labor duties occupied the majority of Scott's working hours.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

59. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

61. Plaintiff has consented, in writing, to be a party to this action, pursuant to 29 U.S.C. § 216(b).

62. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

63. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

64. Defendant is an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

65. At all times relevant, Plaintiff was an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

66. Defendant has failed to pay Plaintiff and other similarly situated current and former employees the overtime wages to which they are entitled under the FLSA.

67. Defendant's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its' compensation of Plaintiff and other similarly situated current and former employees.

68. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

69. As a result of Defendant's willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

70. As a result of the unlawful acts of Defendant, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime

71.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

72.     Defendant engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

73.     At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees and Defendant has been their employer within the meaning of the NYLL.

74.     Plaintiff and the Rule 23 Class are covered by the NYLL.

75.     Defendant employed Plaintiff and the Rule 23 Class as an employer.

76.     Defendant has failed to pay Plaintiff and the Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

77.     Defendant failed to pay Plaintiff and the Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

78.     Defendant failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the Rule 23 Class.

79.     Defendant's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

80.     Due to Defendant's violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendant unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.  That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Apprentices and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Chipotle. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.  Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.  Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.  Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.  Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

F.  Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

G.  Prejudgment and post-judgment interest;

H.  An injunction requiring Defendant to pay all statutorily required wages and cease

the unlawful activity described herein pursuant to the NYLL;

    I.    Reasonable attorneys' fees and costs of the action; and

    J.    Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       November 15, 2012

                                          Respectfully submitted,

                                          _____
                                          Joseph A. Fitapelli

                                          **FITAPELLI & SCHAFFER, LLP**
                                          Joseph A. Fitapelli
                                          Brian S. Schaffer
                                          Frank J. Mazzaferro
                                          475 Park Avenue South, 12th Floor
                                          New York, New York 10016
                                          Telephone: (212) 300-0375

                                          *Attorneys for Plaintiff and*
                                          *the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1. I consent to be a party plaintiff in a lawsuit against Chipotle and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b).

2. By signing and returning this consent form, I hereby designate Fitapelli & Schaffer, LLP ("the Firm") to represent me and make decisions on my behalf concerning the litigation and any settlement. I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs. I understand that the Firm will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount. I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.

_/s/ m. Sc._
Signature

_Maximu Scott_
Full Legal Name (Print)