**SHEPPARD MULLIN RICHTER
& HAMPTON, LLP**
Lisa M. Lewis
lmlewis@sheppardmullin.com
30 Rockefeller Plaza, 39th Floor
New York, NY   10112
Tel: 212.653.8700
Fax: 212.653.8701

Richard J. Simmons
rsimmons@sheppardmullin.com
(*pro hac vice* application forthcoming)
333 South Hope Street
Forty-Third Floor
Los Angeles, CA 90071
Tel: 213.620.1780
Fax: 213.620.1398

**MESSNER & REEVES, LLC**
John K. Shunk
jshunk@messner.com
(admitted *pro hac vice*)
Bruce A. Montoya
bmontoya@messner.com
(*pro hac vice* application forthcoming)
Andrew A. Smith
asmith@messner.com
(*pro hac vice* application forthcoming)
1430 Wynkoop Street, Suite 300
Denver, CO 80202
Tel:  303.623.1800
Fax:  303.623.0552

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **MAXCIMO SCOTT and JAY ENSOR on behalf of themselves and all others similarly situated,**<br><br>           **Plaintiffs,**<br><br>      **-against-**<br><br>**CHIPOTLE MEXICAN GRILL, INC.,**<br><br>           **Defendant.** | **Case No.: 12 CV 8333 (ALC)(SN)**<br><br>**ECF Case**<br><br>**DEFENDANT CHIPOTLE MEXICAN GRILL, INC.'S ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant Chipotle Mexican Grill, Inc. ("Chipotle"), by and through its undersigned attorneys, hereby answers the First Amended Class Action Complaint ("Complaint") filed on February 13, 2013, by Plaintiffs Maxcimo Scott and Jay Ensor (collectively, "Plaintiffs") as follows:

## <u>NATURE OF THE ACTION</u>

1.     Chipotle admits that Plaintiffs seek to recover overtime compensation and spread-of-hours pay and purport to bring this case as a collective and class action, but

denies that Plaintiffs are entitled to any relief and denies that this case should proceed as a collective or class action.

2.      Chipotle admits that it operates a chain of Mexican restaurants and that the statement in Paragraph 2 attributed to Chipotle's website appears on Chipotle's website. Chipotle is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 2.

3.      Chipotle admits that the statements in Paragraph 3 appear in its Form 10-K for 2011 and refers the Court to the Form 10-K for the contents thereof.

4.      Chipotle denies the allegations of Paragraph 4.

5.      Chipotle admits that the statements in Paragraph 5 appear in its Form 10-K for 2011 and refers the Court to the Form 10-K for the contents thereof.

6.      Chipotle denies the allegations of Paragraph 6.

7.      Chipotle denies the allegations of Paragraph 7.

8.      Chipotle denies the allegations of Paragraph 8.

9.      Chipotle denies the allegations of Paragraph 9.

10.    Chipotle denies the allegations of Paragraph 10.

11.    Chipotle denies the allegations of Paragraph 11.

12.    Chipotle denies the allegations of Paragraph 12.

13.    Chipotle admits that Plaintiffs purport to bring this case as a collective action, but denies that this case should proceed as a collective action and denies that Plaintiffs or any purported class members are entitled to any relief.

14.    Chipotle admits that Plaintiff Scott also purports to bring a class action on behalf of New York Apprentices, but denies that this case should proceed as a class action and denies that Plaintiff Scott or any purported class member is entitled to relief.

15.    Chipotle admits that Plaintiff Ensor also purports to bring a class action on behalf of Missouri Apprentices, but denies that this case should proceed as a class action and denies that Plaintiff Ensor or any purported class member is entitled to relief.

## THE PARTIES

**Plaintiffs**

**Maxcimo Scott**

16.     Chipotle is without knowledge or information sufficient to admit or deny the allegations of Paragraph 16.

17.     Chipotle admits the allegations of Paragraph 17.

18.     Chipotle admits the allegations of Paragraph 18.

19.     Chipotle denies the allegations of Paragraph 19.

20.     Chipotle denies the allegations of Paragraph 20.

21.     Chipotle denies the allegations of Paragraph 21.

22.     Chipotle denies the allegations of Paragraph 22.

23.     Chipotle states that the allegations in Paragraph 23 are a legal conclusion to which no response is necessary.

24.     Chipotle admits that a written consent form purportedly signed by Plaintiff Scott was filed with the Class Action Complaint.

**Jay Ensor**

25.     Chipotle is without knowledge or information sufficient to admit or deny the allegations of Paragraph 25.

26.     Chipotle admits the allegations of Paragraph 26.

27.     Chipotle admits the allegations of Paragraph 27.

28.     Chipotle admits the allegations of Paragraph 28.

29.     Chipotle denies the allegations of Paragraph 29.

30.     Chipotle denies the allegations of Paragraph 30.

31.     Chipotle denies the allegations of Paragraph 31.

32.     Chipotle states that the allegations in Paragraph 32 are a legal conclusion to which no response is necessary.

33.    Chipotle admits that a written consent form purportedly signed by Plaintiff Ensor was filed in this action.

**Defendant**

**Chipotle Mexican Grill, Inc.**

34.    Chipotle admits that it owns and operates restaurants.  Because Paragraph 34 does not define the "relevant period," Chipotle is without knowledge or information sufficient to admit or deny the allegations related to that period.

35.    Chipotle admits that it is a corporation organized under the laws of Delaware. Chipotle is without knowledge or information sufficient to admit or deny the remaining allegations of Paragraph 35.

36.    Chipotle admits the allegations of Paragraph 36.

37.    Chipotle denies the allegations of Paragraph 37.

38.    Chipotle admits that it employs Plaintiffs. Chipotle states that the remaining allegations in Paragraph 38 are legal conclusions to which no response is necessary.

39.    Chipotle admits that it maintains control, oversight and direction over Plaintiffs and other employees. Chipotle denies that other employees are similarly situated to Plaintiffs.

40.    Chipotle denies the allegations of Paragraph 40.

41.    Chipotle admits the allegations of Paragraph 41.

## JURISDICTION AND VENUE

42.    Chipotle states that the allegations in Paragraph 42 are a legal conclusion to which no response is necessary.

43.    Chipotle states that the allegations in Paragraph 43 are a legal conclusion to which no response is necessary.

44.    Chipotle states that the allegations in Paragraph 44 are a legal conclusion to which no response is necessary.

45.     Chipotle is without knowledge or information sufficient to admit or deny the allegations of Paragraph 45.

46.     Chipotle states that the allegations in Paragraph 46 are a legal conclusion to which no response is necessary.

47.     Chipotle admits the allegations of Paragraph 47, but denies that this case should proceed as a class action.

48.     Chipotle admits the allegations of Paragraph 48, but denies that this case should proceed as a class action.

49.     Chipotle admits that it is incorporated under the laws of the State of Delaware.

50.     Chipotle states that the allegations in Paragraph 50 are a legal conclusion to which no response is necessary.

51.     Chipotle states that the allegations in Paragraph 51 are a legal conclusion to which no response is necessary.

52.     Chipotle states that the allegations in Paragraph 52 are a legal conclusion to which no response is necessary.

## COLLECTIVE ACTION ALLEGATIONS

53.     Chipotle admits that Plaintiffs purport to bring this case as a collective action, but denies that this case should proceed as a collective action and denies that Plaintiffs or any purported class member are entitled to relief.

54.     Chipotle denies the allegations of Paragraph 54.

55.     Chipotle denies the allegations of Paragraph 55.

56.     Chipotle denies the allegations of Paragraph 56.

57.     Chipotle denies the allegations of Paragraph 57, including any and all allegations contained in the subparts of Paragraph 57.

58.     Chipotle denies the allegations of Paragraph 58.

59.     Chipotle denies the allegations of Paragraph 59.

60.     Chipotle denies the allegations of Paragraph 60 and denies any unlawful conduct.

61.     Chipotle denies the allegations of Paragraph 61 and denies that this case should proceed as a collective action.

62.     Chipotle denies the allegations of Paragraph 62 and denies that this case should proceed as a collective action.

63.     Chipotle denies the allegations of Paragraph 63 and denies that this case should proceed as a collective action.

## NEW YORK CLASS ACTION ALLEGATIONS

64.     Chipotle admits that Plaintiff Scott purports to bring the claims described in Paragraph 64 on behalf of himself and others, but denies that this case should proceed as a class action and denies that Plaintiff Scott or any purported class member is entitled to relief.

65.     Chipotle admits that Plaintiff Scott purports to exclude certain categories of persons from the purported definition of a NY Rule 23 Class, but denies that this case should proceed as a class action and denies that Plaintiff Scott or any purported class member is entitled to relief.

66.     Chipotle denies the allegations of Paragraph 66.

67.     Chipotle admits that the number of individuals employed by Chipotle in the job titles set forth in Paragraph 64 of the Complaint for the time period set forth in Paragraph 64, exceeds 100, but denies the remaining allegations of Paragraph 67.

68.     Chipotle denies the allegations of Paragraph 68.

69.     Chipotle denies the allegations of Paragraph 69, including any and all allegations contained in the subparts of Paragraph 69.

70.     Chipotle denies the allegations of Paragraph 70.

71.     Chipotle admits that Plaintiff Scott has worked for Chipotle as an Apprentice and that the purported NY Rule 23 Class contains individuals who work or

have worked for Chipotle as Apprentices, but denies that this case should proceed as a class action.

72.     Chipotle states that the allegations in Paragraph 72 are a legal conclusion to which no response is necessary, but denies that this case should proceed as a class action and denies that Plaintiff Scott or any purported class member is entitled to any relief.

73.     Chipotle is without knowledge or information sufficient to admit or deny what Plaintiff Scott understands.  Chipotle denies the remaining allegations of Paragraph 73.

74.     Chipotle is without knowledge or information sufficient to admit or deny the allegations related to Plaintiff Scott's resources. Chipotle denies the remaining allegations of Paragraph 74.

75.     Chipotle denies the allegations of Paragraph 75.

**MISSOURI CLASS ACTION ALLEGATIONS**

76.     Chipotle admits that Plaintiff Ensor purports to bring the claim described in Paragraph 76 on behalf of himself and others, but denies that this case should proceed as a class action and denies that Plaintiff Ensor or any purported class member is entitled to relief.

77.     Chipotle admits that Plaintiff Ensor purports to exclude certain categories of persons from the purported definition of a MO Rule 23 Class, but denies that this case should proceed as a class action and denies that Plaintiff Ensor or any purported class member is entitled to relief.

78.     Chipotle denies the allegations of Paragraph 78.

79.     Chipotle admits that the number of individuals employed by Chipotle in the job titles set forth in Paragraph 76 of the Complaint for the time period set forth in Paragraph 76, exceeds 50, but denies the remaining allegations of Paragraph 79.

80.     Chipotle denies the allegations of Paragraph 80.

81.     Chipotle denies the allegations of Paragraph 81, including any and all allegations contained in the subparts of Paragraph 81.

82.     Chipotle denies the allegations of Paragraph 82.

83.     Chipotle admits that Plaintiff Ensor has worked for Chipotle as an Apprentice and that the purported MO Rule 23 Class contains individuals who work or have worked for Chipotle as Apprentices, but denies that this case should proceed as a class action.

84.     Chipotle states that the allegations in Paragraph 84 are a legal conclusion to which no response is necessary, but denies that Plaintiff Ensor or any purported class member is entitled to any relief and denies that Plaintiff Ensor or any purported class member is entitled to any relief.

85.     Chipotle is without knowledge or information sufficient to admit or deny what Plaintiff Ensor understands.  Chipotle denies the remaining allegations of Paragraph 85.

86.     Chipotle is without knowledge or information sufficient to admit or deny the allegations related to Plaintiff Ensor's resources.  Chipotle denies the remaining allegations of Paragraph 86.

87.     Chipotle denies the allegations of Paragraph 87.

## COMMON FACTUAL ALLEGATIONS

88.     Chipotle denies the allegations of Paragraph 88.

89.     Chipotle denies the allegations of Paragraph 89.

90.     Chipotle denies the allegations of Paragraph 90.

91.     Chipotle denies the allegations of Paragraph 91.

92.     Chipotle denies the allegations of Paragraph 92.

93.     Chipotle denies the allegations of Paragraph 93.

94.     Chipotle denies the allegations of Paragraph 94, including any and all allegations contained in the subparts of Paragraph 94.

95.    Chipotle denies the allegations of Paragraph 95.

96.    Chipotle denies the allegations of Paragraph 96.

97.    Chipotle denies the allegations of Paragraph 97, including any and all allegations contained in the subparts of Paragraph 97.

98.    Chipotle denies the allegations of Paragraph 98.

99.    Chipotle denies the allegations of Paragraph 99.

100.    Chipotle denies the allegations of Paragraph 100, including any and all allegations contained in the subparts of Paragraph 100:

101.    Chipotle denies the allegations of Paragraph 101.

102.    Chipotle denies the allegations of Paragraph 102.

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act – Overtime Wages

103.    Chipotle incorporates the responses made to Paragraphs 1 through 102 of the Complaint as if fully set forth herein.

104.    Chipotle denies the allegations of Paragraph 104.

105.    Chipotle states that the allegations of Paragraph 105 are legal conclusions to which no response is required.

106.    Chipotle states that the allegations of Paragraph 106 are legal conclusions to which no response is required.

107.    Chipotle states that the allegations of Paragraph 107 are legal conclusions to which no response is required.

108.    Chipotle states that the allegations of Paragraph 108 are legal conclusions to which no response is required.

109.    Chipotle states that the allegations of Paragraph 109 are legal conclusions to which no response is required.

110.    Chipotle denies the allegations of Paragraph 110.

111.    Chipotle denies the allegations of Paragraph 111.

112.    Chipotle denies the allegations of Paragraph 112.

113.    Chipotle denies the allegations of Paragraph 113.

114.    Chipotle denies the allegations of Paragraph 114.

115.    Chipotle denies the allegations of Paragraph 115.

<u>SECOND CAUSE OF ACTION</u>
**New York Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Scott and the members of the NY Rule 23 Class)**

116.    Chipotle incorporates the responses made to Paragraphs 1 through 115 of the Complaint as if fully set forth herein.

117.    Chipotle denies the allegations of Paragraph 117.

118.    Chipotle states that the allegations of Paragraph 118 are legal conclusions to which no response is required.

119.    Chipotle states that the allegations of Paragraph 119 are legal conclusions to which no response is required.

120.    Chipotle states that the allegations of Paragraph 120 are legal conclusions to which no response is required.

121.    Chipotle denies the allegations of Paragraph 121.

122.    Chipotle denies the allegations of Paragraph 122.

123.    Chipotle denies the allegations of Paragraph 123.

124.    Chipotle denies the allegations of Paragraph 124.

125.    Chipotle denies the allegations of Paragraph 125.

<u>THIRD CAUSE OF ACTION</u>
**Missouri Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Ensor and the members of the MO Rule 23 Class)**

126.    Chipotle incorporates the responses made to Paragraphs 1 through 125 of the Complaint as if fully set forth herein.

127.    Chipotle admits that Plaintiff Ensor purports to bring this claim on behalf of himself and other employees as set forth in Paragraph 127, but denies that this or any claim should proceed as a class action.

128.    Chipotle denies the allegations of Paragraph 128.

129.    Chipotle states that the allegations of Paragraph 129 are legal conclusions to which no response is required.

130.    Chipotle states that the allegations of Paragraph 130 are legal conclusions to which no response is required.

131.    Chipotle states that the allegations of Paragraph 131 are legal conclusions to which no response is required.

132.    Chipotle denies the allegations of Paragraph 132.

### FOURTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff Scott and the members of the NY Rule 23 Class)

133.    Chipotle incorporates the responses made to Paragraphs 1 through 132 of the Complaint as if fully set forth herein.

134.    Chipotle denies the allegations of Paragraph 134.

135.    Chipotle denies the allegations of Paragraph 135.

136.    Chipotle denies the allegations of Paragraph 136.

### PRAYER FOR RELIEF

137.    Chipotle denies that Plaintiffs or any purported collective or class action members are entitled to any relief in this action, including the relief sought in Paragraphs A through L of the "WHEREFORE" clause of the Complaint.

### GENERAL DENIAL

138.    Chipotle denies each and every allegation in the Complaint that has not otherwise been specifically admitted or denied herein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails, in whole or in part, to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE
### (Exempt Employees)

Plaintiffs and certain putative members of the purported class and collective actions defined in the Complaint are exempt from overtime requirements under the FLSA and state laws because of exemptions including, but not limited to, administrative, executive, professional, highly compensated, and retail or service establishment exemptions, or some combination of these exemptions.

### FOURTH AFFIRMATIVE DEFENSE
### (Realistic Job Expectations/Avoidable Consequences)

Plaintiffs and certain putative members of the purported class and collective actions defined in the Complaint are exempt from overtime requirements under the FLSA and state laws because they failed to satisfy Chipotle's realistic job expectations, which qualified for the applicable exemptions, and therefore their claims are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

### FIFTH AFFIRMATIVE DEFENSE
### (Paid All Sums)

Plaintiffs' claims and the claims of the putative members of the purported class and collective actions defined in the Complaint are barred because Chipotle has paid them all sums owed.

## SIXTH AFFIRMATIVE DEFENSE
**(Standing)**

Plaintiffs lack standing to assert any purported cause of action and lack standing to represent the interests of some or all of the putative class or collective action members.

## SEVENTH AFFIRMATIVE DEFENSE
**(Release)**

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, because those claims have been released.

## EIGHTH AFFIRMATIVE DEFENSE
**(Lack of Jurisdiction)**

Plaintiffs' state law claims are barred for lack of supplemental or pendent jurisdiction.

## NINTH AFFIRMATIVE DEFENSE
**(Estoppel)**

Plaintiffs' claims and the claims of some or all of the putative members of the class and collective actions defined in the Complaint are barred by the doctrines of estoppel, offset, and/or setoff.

## TENTH AFFIRMATIVE DEFENSE
**(Good Faith Belief)**

Plaintiffs' claims and the claims of the putative members of the class and collective actions defined in the Complaint are barred, in whole or in part, because Chipotle's alleged acts or omissions, if any, were in good faith and with reasonable belief that the alleged acts or omission, if any, were not a violation of any applicable law.

## ELEVENTH AFFIRMATIVE DEFENSE
**(Reliance on Administrative Authority)**

Pursuant to 29 U.S.C. § 259 and other applicable law, Chipotle's alleged failure to pay Plaintiffs or any putative class or collective member any of the wages on which Plaintiffs' claims are based, if at all, was in good faith, in conformity with and in reliance

on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor, the New York State Department of Labor and/or the Missouri Department of Labor.

## TWELFTH AFFIRMATIVE DEFENSE
### (Liquidated Damages)

Plaintiffs and the putative members of the purported class and collective actions defined in the Complaint are barred from recovering penalties or liquidated damages pursuant to, *inter alia*, the New York and/or Missouri Labor Laws and/or the Fair Labor Standards Act because: (a) Plaintiffs have failed to plead facts sufficient to support allegations of willfulness; and (b) neither Chipotle nor any agent or employee of Chipotle acted willfully in failing to pay wages allegedly due to Plaintiffs or others.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Civil Penalties)

Plaintiffs and the putative members of the purported class and collective actions defined in the Complaint are not entitled to recover any civil penalties because, under the circumstances of this case, any such recovery would be unjust, arbitrary, oppressive, or confiscatory.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Consent)

Each cause of action in the Complaint is barred to the extent that Plaintiffs, or any member of the purported class or collective actions defined in the Complaint, consented to any of the alleged activity or conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Joinder)

Plaintiffs' claims cannot be properly joined with the claims of any potential opt-ins.

-14-

**SIXTEENTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction)**

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, by the principles of accord and satisfaction and payment.

**SEVENTEENTH AFFIRMATIVE DEFENSE**
**(Time Not Compensable)**

Plaintiffs' claims and the claims of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, because the work alleged to be unpaid is not compensable time under applicable law, including because it was preliminary, postliminary, or *de minimis*.

**EIGHTEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, by the doctrine of laches.

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred, or recovery reduced, because they have not appropriately mitigated their alleged damages, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Injunctive Relief)**

Plaintiffs' equitable claims and the equitable claims of the putative members of the purported class and collective actions defined in the Complaint are barred in light of the fact that they have an adequate remedy at law, and the Complaint fails to state a claim for equitable or injunctive relief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Res Judicata/Collateral Estoppel)

Plaintiffs' claims and the claims of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, by the doctrines of *res judicata* and/or collateral estoppel.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Non-Certifiable Class or Collective Action)

Plaintiffs do not state facts sufficient to certify a class or collective pursuant to Rule 23 of the Federal Rules of Civil Procedure or 29 U.S.C. § 216.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (No Common Issues)

There is a lack of common issues of fact or law and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Inadequacy of Class Representative)

Plaintiffs are not proper representatives of the class or collective they purport to represent and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Lack of Typicality)

Plaintiffs' claims are not typical of the class or collective they purport to represent and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Inadequacy of Plaintiffs' Counsel)

Plaintiffs' counsel is not adequately familiar with the substantive and procedural law pertinent to class or collective actions and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Lack of Numerosity)

The purported class or collective is not sufficiently numerous and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Lack of Superiority)

The class action procedure is not the superior method for adjudicating Plaintiffs' claims or the claims of the purported class or collective and, accordingly, this action is not properly brought as a class or collective action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred to the extent they were required, but failed, to exhaust any administrative remedies.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims and the claims of some or all of the putative members of the purported class and collective actions defined in the Complaint are barred, in whole or in part, by the equitable doctrine of unclean hands.

## RESERVATION OF RIGHTS

Chipotle reserves the right to assert additional affirmative defenses as Plaintiffs' claims are clarified in the course of this litigation.

**WHEREFORE**, Chipotle demands judgment as follows:

A.  Denying Plaintiffs' request to proceed as a collective or class action;

B.  Denying all relief sought by Plaintiffs and dismissing the Complaint in its entirety;

C.  Awarding Chipotle its costs, disbursements, and reasonable attorneys' fees incurred in this action; and

D.  Granting such other and further relief as the Court deems just and proper.

Dated:  March 4, 2013                    Respectfully submitted,

**SHEPPARD MULLIN RICHTER & HAMPTON LLP**


By:_____/s/ Lisa M. Lewis_____
      Lisa M. Lewis (LL 6695)
      30 Rockefeller Plaza, 39th Floor
      New York, NY   10112
      Tel.: 212.653.8700
      Fax: 212.653.8701

      Richard J. Simmons
      333 South Hope Street
      Forty-Third Floor
      Los Angeles, CA 90071
      Tel: 213.620.1780
      Fax: 213.620.1398


**MESSNER & REEVES, LLC**

      John K. Shunk
      Bruce A. Montoya
      Andrew A. Smith
      1430 Wynkoop Street, Suite 300
      Denver, CO 80202
      Tel:  303.623.1800
      Fax:  303.623.0552


      *Attorneys for Defendant*
      CHIPOTLE MEXICAN GRILL, INC.