**SheppardMullin**

Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 main
212.653.8701 main fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

May 15, 2014

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Scott v. Chipotle Mexican Grill, Inc.*; 12-CV-8333 (ALC) (SN)

Dear Judge Netburn:

As the Court is aware, we represent defendant Chipotle Mexican Grill, Inc. ("Chipotle") in the above-referenced action. We write in accordance with the Court's directive during the May 6, 2014 conference to set forth the limited discovery requests Chipotle proposes serving on all Opt-In Plaintiffs.[1] The parties met and conferred on the issue on May 14, 2014 and Plaintiffs continue to object to Chipotle's service of discovery requests on all Opt-In Plaintiffs. For the reasons that follow, Chipotle respectfully submits that it should be permitted to serve targeted and discrete discovery on all Opt-In Plaintiffs.

**Proposed Interrogatory No. 1**[2]

Identify the staff at each Chipotle restaurant where you worked as an Apprentice who witnessed you perform your duties as an Apprentice, including but not limited to, identification of: (i) each and every person employed by Chipotle as a

---

[1]   As indicated in our prior letter, Chipotle believes that it should be provided with the opportunity to serve up to five Interrogatories and ten Document Requests on any Opt-In Plaintiff selected for deposition. It is unclear whether the Court envisioned all Opt-In Plaintiffs receiving the same amount of discovery requests, or whether the Court only wanted a proposal for Opt-In Plaintiffs that were not selected for deposition. The proposal set forth herein is for Opt-In Plaintiffs not selected for deposition.

[2]   Chipotle has made every effort to craft the Proposed Interrogatories to comply with Local Rule 33.3. However, Chipotle notes that the Court has the authority to permit a party to depart from this Rule. See L.R. 33.3(b). If the Court authorizes Chipotle to serve the discovery requests outlined herein, Chipotle respectfully submits that Plaintiffs should be prohibited from asserting any objection on the basis of Local Rule 33.3, which they previously did in response to nearly every Interrogatory served on Plaintiffs Ensor and Scott.

**SheppardMullin**

The Honorable Sarah Netburn
May 15, 2014
Page 2

General Manager or Restaurateur in the same restaurant as you during the period you worked as an Apprentice; (ii) each and every person employed by Chipotle as an Apprentice in the same restaurant as you during the period you worked as an Apprentice; and (iii) each and every person employed by Chipotle as a Crew Member, Kitchen Manager, or Service Manager in the same restaurant as you during the period you worked as an Apprentice.

The purpose of this Interrogatory is to locate witnesses with knowledge of the critical issue in this case: the duties performed by Opt-In Plaintiffs. Chipotle cannot learn of this information through other less burdensome means. Although Chipotle could generate a list of employees that worked in a given restaurant, it cannot determine who among those employees witnessed an Opt-In Plaintiff performing his or her duties. Chipotle should not be denied the opportunity to learn of the very witnesses that an Opt-In Plaintiff may rely upon to support his allegations.

**Proposed Interrogatory No. 2**

Identify the name and job title of any Chipotle employee (including, but not limited to, Kitchen Managers, Service Managers, Cashiers and/or Crew) for whom you completed or made entries on one or more performance evaluation(s), Development Journal(s), or written disciplinary action documents (including, but not limited to, Performance Discussions) during the time period you worked as an Apprentice.

The purpose of this Interrogatory is to gather evidence that will support Chipotle's affirmative defense of exemption. An Apprentice's ability to evaluate or discipline subordinate employees is an important consideration in this determination. See 29 C.F.R. § 541.102. While Chipotle may be in possession of some performance evaluations and Development Journals that would reflect entries made by Opt-In Plaintiffs, it has no reasonable means of identifying or locating performance evaluations or Development Journals completed by Opt-In Plaintiffs to the exclusion of other Apprentices and employees. A response to this Interrogatory will significantly focus Chipotle's efforts to locate this highly probative information and decrease costs.

**Proposed Interrogatory No. 3**

Identify the dates or number of days in a week when you spent some or all of your time as the highest ranking manager who was present and on duty in the restaurant, including but not limited to weeks in which there was no General Manager or Restaurateur assigned to the restaurant or when the General Manager or Restaurateur was on vacation or otherwise absent.

This Interrogatory seeks information that will be highly probative of the exemption inquiry because it will inform the quantitative element of the "primary duty" analysis under the managerial exemption. See 29 C.F.R. § 541.700 ("Factors to consider when determining the primary duty of an employee include….the amount of time spent performing exempt work.").

**SheppardMullin**

The Honorable Sarah Netburn
May 15, 2014
Page 3

Chipotle bears the burden of establishing that each of the criteria for exemption are met and should not be denied the opportunity to amass the evidence necessary to do so.

**Proposed Document Request No. 1**

> All documents and materials you received or obtained from Chipotle relating to the duties you performed during the time you worked as an Apprentice, including complete or partial copies of job descriptions, job summaries, performance reviews or evaluations, Development Journals, formal or informal feedback, or personal notes, diaries, or journals.

The transparent purpose of Proposed Document Request No. 1 is to gather all documents in the possession of Opt-In Plaintiffs that they may use to support their claims that they performed primarily non-exempt duties. Chipotle does not maintain documents such as performance reviews or evaluations or Development Journals in perpetuity,[3] and therefore may not have these highly probative documents in its possession. Chipotle certainly does not have documents concerning informal feedback or personal notes potentially created by and given to an Opt-In Plaintiff by a General Manager that may speak to the duties performed by an Opt-In Plaintiff.

**Proposed Document Request No. 2**

> All documents relating to or concerning your efforts to obtain employment either during or after the end of your employment with Chipotle that discuss or describe your employment or duties with Chipotle. This Document Request is limited to all resumes (including those created through or posted on a Linked-In profile), cover letters, employment applications, or transmittal documents (such as letters or emails) transmitting any of the foregoing, prepared in whole or in part by or submitted by you to any employer or potential employer setting forth any of the duties and responsibilities you represented that you performed as an Apprentice at Chipotle, including all versions or drafts of any such documents.

Proposed Document Request No. 2 seeks documents reflecting an Opt-In Plaintiff's self-created representations as to the duties he performed as an Apprentice, which bears on the primary exemption issue in this case. While Plaintiffs will predictably attempt to downplay the utility of a resume or cover letter in the analysis, Chipotle notes that Plaintiff Ensor – one of the two Named-Plaintiffs – acknowledged during his deposition that his resume, in which he expounds at length on the managerial duties he performed as an Apprentice, was entirely accurate. Chipotle is entitled to explore whether other Opt-In Plaintiffs made similarly accurate statements about their responsibilities as Apprentices at Chipotle. See Green v. Harbor Freight Tools USA, Inc., 888 F. Supp. 2d 1088, 1103 (D. Kan. 2012) (decertifying FLSA class, in part,

---

[3] Some Apprentices have copies or originals of Development Journals used to develop and assess employees.

**SheppardMullin**

The Honorable Sarah Netburn
May 15, 2014
Page 4

because of presence of resumes from opt-in plaintiffs setting forth representations of the duties they performed).

Even if the representations an Opt-In Plaintiff makes in a resume or cover letter are inaccurate or "puffed," this discovery will nevertheless serve an important purpose. As Plaintiffs made clear to the Court during the conference, they believe that they can offer a "representative sample" of testimony from Opt-In Plaintiffs at the trial in this matter. Misrepresentations by a testifying Opt-In Plaintiff in his or her resume will certainly be probative of that witness's credibility since the misrepresentation embraces the precise area of testimony they will offer. See Aquilino v. Home Depot, U.S.A., Inc., 2011 WL 564039, at *9-10 (D.N.J. Feb. 15, 2011) (decertifying FLSA class, in part, because of defendant's right to challenge credibility of each opt-in plaintiff at trial on basis of representations in resume).

We also note that Chipotle has included a clarifying sentence in Proposed Document Request No. 2 to alleviate the concerns Your Honor expressed during the conference as to the scope of the search efforts an Opt-In Plaintiff must undertake. Chipotle is more than willing to consider any further clarifying statements that the Court believes would be helpful.

**Proposed Document Request No. 3**

All documents received, created, stored or obtained by you relating to your employment at Chipotle including: (i) calendars, diaries, journals, notes or schedules reflecting the number of hours you worked as an Apprentice on a daily or weekly basis; (ii) the number of or identities of any General Managers, Restaurateurs, Kitchen Managers, Service Managers or Crew with whom you worked while you worked as an Apprentice; (iii) your receipt of any bonus or incentive payment while you worked as an Apprentice and the reason(s) such sums were issued to you; and (iv) your employment history at Chipotle and/or goals with respect to advancement in your employment at Chipotle.

Rather than seeking "all documents" concerning "any" aspect of an Opt-In Plaintiff's employment at Chipotle, Proposed Document Request No. 3 seeks four discrete and targeted categories of documents that each bear on either the exemption or certification analysis. Chipotle believes it would be a violation of its due process rights to prohibit this discovery and effectively prevent Chipotle from litigating its defenses in this regard with respect to each Opt-In Plaintiff.

**Conclusion**

As set forth more fully in Chipotle's May 2, 2014 letter, (Docket No. 732), Chipotle believes that any restriction on the number of Opt-In Plaintiffs upon whom Chipotle can serve discovery implicates important due process rights. Chipotle is cognizant of the Court's direction during the conference not to address this issue in detail again, and therefore simply reiterates its belief that any such restriction impermissibly prevents Chipotle from litigating its individualized defenses in contravention of Wal-Mart v. Dukes. See 131 S.Ct. 2541 (2011); see also Jacob v.

**SheppardMullin**

The Honorable Sarah Netburn
May 15, 2014
Page 5

Duane Reade, Inc., 293 F.R.D. 578, 589 (S.D.N.Y. 2013) ("[D]ue process concerns imbue defendants with the right to defend each claim when damages are too individualized.").[4]

Chipotle notes that Opt-In-wide discovery has been previously authorized by other Courts, and in a number of cases with respect to significantly larger collectives and far broader and more numerous discovery requests than that present here. See Wade v. Werner Trucking Co., 2014 WL 1091707 (S.D. Ohio Mar. 18, 2014) (authorizing discovery to all 111 opt-in plaintiffs); Rivera v. UBM Enter., Inc., 2014 WL 462586 (N.D. Tex. Feb. 5, 2014) (authorizing discovery to all 16 opt-in plaintiffs); Wilson v. Navika Capital Group, LLC, 2014 WL 223211 (S.D. Tex. Jan. 17, 2014) (requiring approximately 330 opt-in plaintiffs to respond to interrogatory seeking damages calculations in FLSA case); Stickle v. SCI Western Market Support Center, L.P., 2010 WL 3218598 (D. Ariz. Aug. 13, 2010) (acknowledging that defendant had permissibly served eleven interrogatories on each of the 1,400 opt-in plaintiffs); Abubakar v. City of Solana, 2008 WL 508911 (E.D. Cal. Feb. 22, 2008) (authorizing discovery to all 160 opt-in plaintiffs); Evans v. Lowe's Home Centers, Inc., 2005 WL 2100708 (M.D. Pa. Aug. 25, 2005) (authorizing discovery to all 508 opt-in plaintiffs); Morgan v. Family Dollar Stores, Inc., No. 01-CV-0303, Doc. No. 169 (N.D. Ala. Mar. 16, 2004) (authorizing discovery to all 2,100 opt-in plaintiffs); Coldiron v. Pizza Hut, Inc., 2004 WL 2601180, at *2 (C.D. Cal. Oct. 25, 2004) (authorizing discovery to all 306 opt-in plaintiffs); Krueger v. New York Telephone Co., 163 F.R.D. 446 (S.D.N.Y. 1995) (authorizing discovery to all 152 opt-in plaintiffs); Rosen v. Reckitt & Colman, Inc., 1994 WL 652534 (S.D.N.Y. 1994) (authorizing discovery to all 49 opt-in plaintiffs); Kaas v. Pratt & Whitney, 1991 WL 158943 (S.D. Fla. 1991) (authorizing discovery to all 100 opt-in plaintiffs).

Chipotle acknowledges that some courts have restricted the number of opt-in plaintiffs upon whom a defendant can serve discovery. However, here, Chipotle has made every effort to craft Interrogatories and Document Requests that are narrow and targeted, and which seek discrete categories of information relevant to the exemption inquiry, the certification inquiries, or both. Chipotle has also voluntarily decreased the number of Document Requests it intends to serve from five to three. The burden to be faced by each individual Opt-In Plaintiff in preparing responses to these limited requests is minimal and, in any event, appropriately imposed on an individual that affirmatively elected to participate in this action.[5] In light of Chipotle's approach – which it has advanced from the outset prior to Plaintiffs' objection and before Court intervention in the spirit of cooperation and reasonableness – Chipotle respectfully submits that it should not be restricted from pursuing probative and relevant discovery from all Opt-In Plaintiffs.[6]

---

[4]    Chipotle expressly reserves and does not waive its right to advance due process arguments at other junctures in this litigation, if appropriate, for reasons other than restrictions on its ability to serve discovery on all Opt-In Plaintiffs.

[5]    Plaintiffs stressed the burden to Plaintiffs' counsel during the May 6 conference. We have not located any authority suggesting that the burden on the attorneys is a relevant consideration in the scope of opt-in plaintiff discovery. In any event, the burden is likely more imagined than real.

[6]    Chipotle also reminds the Court that Plaintiffs are presently seeking discovery concerning, not just all Opt-In Plaintiffs, but all Apprentices. See Docket No. 732 at Exs. A, B.

# SheppardMullin

The Honorable Sarah Netburn
May 15, 2014
Page 6

      We thank the Court for its consideration of this request.  Should Your Honor have any questions, please do not hesitate to contact us.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:    All Counsel of Record