```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MAXCIMO SCOTT and JAY ENSOR, on behalf
of themselves and all others similarly situated,

                        Plaintiffs,           12-CV-08333 (ALC)(SN)

        -against-                             OPINION & ORDER

CHIPOTLE MEXICAN GRILL, INC.,

                        Defendant.
-----------------------------------------------------------------X
```

**SARAH NETBURN, United States Magistrate Judge:**

On November 15, 2012, Maxcimo Scott brought this action, on behalf of himself and others similarly situated, against Chipotle Mexican Grill, Inc. ("Chipotle") alleging misclassification and overtime claims under the Fair Labor Standards Act ("FLSA"), and New York law. On February 13, 2013, plaintiff filed an amended complaint ("First Amended Complaint"), naming Jay Ensor as an additional plaintiff, and alleging a class action claim under Missouri Law.

Before the Court is plaintiffs' motion for leave to amend the First Amended Complaint, filed April 25, 2014. Plaintiffs seek to convert four opt-in plaintiffs to named plaintiffs and to add four additional state labor law class action claims. For the following reasons, the plaintiffs' motion for leave to amend the First Amended Complaint is GRANTED.

## BACKGROUND

On November 15, 2012, Maxcimo Scott brought this action against Chipotle, on behalf of himself and others similarly situated, alleging that Chipotle violated the Fair Labor Standards

Act, New York Labor Law ("NYLL"), and other supporting New York State Department of Labor regulations by misclassifying employees and failing to pay overtime wages. On November 30, 2012, the Honorable Andrew L. Carter, Jr., referred this matter to a magistrate judge for general pretrial supervision. On December 7, 2012, that referral was reassigned to my docket.

Before Chipotle filed its answer and with its consent,[1] Scott filed the First Amended Complaint on February 13, 2013, adding Jay Ensor as an additional plaintiff. Ensor also alleged overtime claims under FLSA as well as Missouri state law claims on behalf of a putative class. On March 4, 2013, Chipotle filed its answer.

Chipotle operates a chain of Mexican food restaurants, and plaintiffs have at various times been employed by Chipotle as "Apprentices." Plaintiffs allege that Chipotle has improperly classified Apprentices as "executives" under FLSA, consequently exempting plaintiffs from overtime pay. According to plaintiffs' complaint, "Apprentices" spend the majority of their shifts working the assembly line, filling orders, grilling food, and preparing food items such as salsa, guacamole, and chopped vegetables. These tasks, however, mirror those of non-exempt hourly employees. Thus, plaintiffs seek to recover overtime compensation and spread-of-hours pay on behalf of all misclassified Apprentices. Plaintiffs' parallel state class claims allege identical facts.

A. **Conditional Certification and Notice**

On March 4, 2014, plaintiffs filed a motion for conditional certification as a collective action under FLSA before Judge Carter. Chipotle opposed the motion. On June 20, 2013, Judge Carter conditionally certified plaintiffs' FLSA collective action. On June 27, 2013, Judge Carter authorized notice of the collective action to be distributed to a nation-wide class of prospective

---

[1] Chipotle contends that it consented only to an amendment to the complaint to "resolve a problematic class definition," not to add parties or claims. (Def.'s Opp. at 3.)

plaintiffs. On July 5, 2013, Chipotle moved the Court to partially reconsider its conditional certification and for leave to seek interlocutory appeal. The parties resolved the motion for partial reconsideration by stipulation on September 10, 2013, and on October 25, 2013, Judge Carter denied Chipotle's motion to seek interlocutory appeal. On November 8, 2013, Chipotle produced a putative FLSA class list to plaintiffs' counsel. Plaintiffs then distributed notice to the conditionally certified collective on November 20, 2013. The opt-in period closed on January 20, 2014, and 582 individuals have opted into the case.

### B. Scheduling Orders and Discovery

On May 9, 2013, while plaintiffs' motion for conditional certification was pending, the Court held an initial pretrial conference and issued a scheduling order that set June 3, 2013 as the deadline to amend the pleadings. The Court further ordered that the parties conduct limited discovery until the motion for conditional certification was resolved, at which time the Court would consider a case management plan for the remainder of discovery.

On October 8, 2013, the Court issued a second scheduling order directing that fact discovery conclude five months after the close of the opt-in period, or June 20, 2014. On December 20, 2013, the Court denied plaintiffs' request for dates of employment and work locations for all putative collective action members. To date, the parties have been exchanging document requests and interrogatories, and have been negotiating ESI sampling. The plaintiffs have also taken a portion of a Rule 30(b)(6) deposition of Chipotle's corporate representative, and Chipotle had deposed Plaintiffs Scott and Ensor. But, as of the date of this motion, the parties have not started discovery of any opt-in plaintiffs, other than plaintiff Ensor who joined the lawsuit as a named plaintiff.

C.  **Second Amended Complaint**

On April 25, 2014, plaintiffs filed this motion for leave to amend the First Amended Complaint. Plaintiffs seek to add four additional named plaintiffs as class representatives for four additional state wage class claims, and as named plaintiffs in the FLSA collective action alleged in the original complaint. All four named plaintiffs allege the same facts found in the First Amended Complaint, namely that each worked for Chipotle as an Apprentice and was improperly denied overtime pay because each was classified as exempt. They are:

1) Mathew Medina ("Medina"), a resident of Colorado, alleging claims on behalf of himself and others similarly situated under C.R.S. 8-4-101, *et seq.*, and Colorado Wage Order No. 29, 7 C.C.R 1103-1, *et seq.* (collectively "Colorado Wage Laws").

2) Eufemia Jimenez ("Jimenez"), a resident of Illinois, alleging claims on behalf of herself and others similarly situated under Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.*, the Illinois Wage Payments and Collections Act, 820 Ill. Comp. Stat. §§ 115/1, *et seq.*, and their implementing regulations, 56 Ill. Admin. Code §§ 210.100 through 300.850 (collectively, "Illinois Wage Laws").

3) Krystal Parker ("Parker"), a resident of North Carolina, alleging claims on behalf of herself and others similarly situated under North Carolina's Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, and implementing regulations, 13 N.C. Admin. Code 12.0300, *et seq.* (collectively, "North Carolina Wage Laws").

4) Stacy Higgs ("Higgs"), a resident of Washington, alleging claims on behalf of herself and others similarly situated under Washington's Minimum Wage Act, Rev. Code Wash. §§ 49.46.005, *et seq.*, Washington's Industrial Welfare Act, Rev. Code Wash. §§ 49.12.005, *et seq.*, Washington's Wage Rebate Act, Rev. Code Wash. §§ 49.52.050, *et seq.*, and Washington Administrative Code §§ 296-126-092 (collectively, "Washington Wage Laws").

In sum, plaintiffs request leave to amend the First Amended Complaint approximately eleven months after the pleading amendment deadline set forth in the Court's May 9, 2013 scheduling order, and approximately three months after the expiration of the opt-in period.

4

## DISCUSSION

### A. Legal Standard

Generally, a party may amend its pleading once as of right. Fed. R. Civ. P. 15(a)(1). Once an as-of-right amendment becomes unavailable, a party may amend only with consent of the opposing parties or with leave of the court. Fed. R. Civ. P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), it may "deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (quoting McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)); see also Foman v Davis, 371 U.S. 178, 182 (1962) (discussing the circumstances in which leave may be denied).

When a party files a motion to amend after the pleading deadline set forth in the scheduling order, as plaintiffs have done here, "the lenient standard under Rule 15(a) . . . must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" Holmes, 568 F.3d at 334-35 (quoting Grochowski v. Phoenix Constr., 318 F.3d 80, 86 (2d Cir. 2003)); see Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). It is within the Court's discretion to apply the good cause standard after the deadline to amend. See Parker v. Columbia Pictures Industries, 204 F.3d 326, 341 (2d Cir. 2000) (holding that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause"); see also Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 243-44 (2d Cir. 2007) ("Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to

ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side.").

To show good cause, a movant must demonstrate diligence before filing her motion, such that despite the movant's effort, the deadline to amend the pleadings could not have been reasonably met. Parker, 204 F.3d at 340 (granting leave when "deadline cannot reasonably be met despite the diligence of the party seeking the extension." (internal quotation marks omitted)). While the movant's "diligence" is the "primary consideration," the Court may also inquire whether the amendment will significantly prejudice the nonmoving party. Kassner, 496 F.3d at 244; see also Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) (citations omitted) ("We will find 'good cause' where the moving party has demonstrated 'diligence,' and the amendment would not significantly prejudice the non-moving party."); Salomon v. Adderley Industries Inc., 960 F. Supp. 2d 502, 508 (S.D.N.Y. 2013) (considering undue delay and undue prejudice in Rule 16(b) good cause analysis). "A party fails to show good cause when the proposed amendment rests on information 'that the party knew, or should have known, in advance of the deadline.'" Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citing Sokol Holdings, Inc. v. BMD Munai, Inc., 05 Civ. 3749 (KMW)(DF), 2009 WL 2524611, at *7-8 (S.D.N.Y. Aug. 14, 2009) (collecting cases)).

The burden of demonstrating good cause rests with the movant. Ritchie Risk–Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC, 09 Civ. 1086 (VM)(DF), 2012 WL 2161022, at *3 (S.D.N.Y. June 5, 2012). The burden of demonstrating prejudice rests with the non-movant. Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

B. Application

   1. **Diligence**

Diligence is the primary consideration in the good cause analysis. Kassner, 496 F.3d at 244. Plaintiffs have demonstrated diligence because, despite their best efforts, the deadline could not have been reasonably met. Although the parties had until June 3, 2013 to amend the pleadings, plaintiffs could not reasonably have met the deadline because the Court did not conditionally certify the collective action until June 20, 2013, and did not authorize notice until June 27, 2013. All opt-in individuals that plaintiffs seek to add as named plaintiffs joined the litigation well after the June 3, 2013 deadline.[2] See Knoll, Inc. v. Moderno, Inc., 11 Civ. 488 (AKH), 2012 WL 3613896, at *1 (S.D.N.Y. Aug. 22, 2012) (requiring movant to demonstrate that information forming the basis of an amendment came to light after the deadline); Nycomed U.S. Inc. v. Glenmark Generics Ltd., 08 Civ. 5023 (CBA)(RLM), 2010 WL 1257803, at *11 (E.D.N.Y. Mar. 26, 2010) ("[Defendant asserting counter claim] cannot be faulted for failing to comply with the . . . deadline for amending the pleadings . . . [because defendant] did not acquire the information underlying the proposed amendment until after the expiration of that deadline.").

Chipotle argues that plaintiffs "knew, or should have known," that additional state law class action claims existed before the deadline. In February 2013, plaintiffs filed the affidavit of a Chipotle employee working at a Colorado location in support of plaintiffs' motion for conditional certification. Plaintiffs consequently knew the potential for additional state law class action claims at least three months before the deadline. But this argument misses the point. Plaintiffs could not actually know the entire scope of potential plaintiffs until notice issued to the

---

[2] Krystal Parker and Stacy Higgs filed consents on December 11, 2013. Eufemia Jimenez filed consent on December 12, 2013. Mathew Medina filed consent on January 22, 2014.

nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed.

Chipotle counters that plaintiffs failed to "research" these claims diligently before the opt-in period began. (Def.'s Opp. at 7.) To the contrary, plaintiffs adequately demonstrated diligence. As part of its motion for conditional certification, plaintiffs sought from Chipotle class members' dates of employment and work locations along with their contact information. The Court denied this motion, which required plaintiffs to assess each individual as he or she opted into the action to determine whether that individual could become a class representative for a state class action claim. Furthermore, although the Court authorized notice on June 27, 2013, Chipotle filed three motions to challenge the Court's June 20, 2013 certification order. These were not fully resolved until October 25, 2013. Chipotle did not turn over a class list until November 8, 2013, further delaying the opt-in period and class discovery. Accordingly, the Court will not penalize plaintiffs for failing to amend their complaint prematurely. Cf. Salomon, 960 F. Supp. 2d at 508 ("Plaintiffs cannot be faulted for failing to stipulate to a later amendment deadline just in case discovery revealed other potentially liable parties."). The fact that some class members did ultimately join contributes to a finding of good cause.

Chipotle next argues that plaintiffs should have filed the motion to amend before the close of the opt-in period. Holding plaintiffs to this standard makes little sense. Plaintiffs reasonably awaited the close of the opt-in period to file one additional amended complaint. Plaintiffs could have filed for leave each time they identified a state law class action claim and class representative, but that practice would simply burden the Court and the parties with redundant, virtually identical motions, when instead efforts could be focused on discovery and the opt-in period. See Ruggles v. Wellpoint, Inc., 687 F. Supp. 2d 30, 35 (N.D.N.Y. 2009)

(holding that plaintiff reasonably waited to file motion to amend until after the close of the opt-in period to avoid being placed in the "unenviable" position of having to amend again); see also Foster v. The Food Emporium, et al., 99 Civ. 3860 (CM), 2000 WL 1737858, at *2–3 (S.D.N.Y. Apr. 26, 2000) (noting that FLSA plaintiffs' third motion to amend the complaint to include a claim for overtime wages under New York Labor Law constituted "sloppy pleading," but nonetheless granting the motion because refusal to do so would "simply spawn duplicate litigation" in state court).

Chipotle finally contends that a delay of three months after the close of the opt-in period must eviscerate any good cause because plaintiffs became aware of proposed plaintiffs Parker, Higgs, and Jimenez in December 2013, over six months ago. The Court concludes, however, that this delay after the opt-in period is not fatal to plaintiffs' demonstration of good cause. While the "primary consideration is whether the moving party can demonstrate diligence," Kassner, 496 F.3d at 244, the Court may also consider delay in the good cause analysis. See Ouedraogo v. A-1 Int'l Courier Serv., Inc., 12 Civ. 5651 (AJN), 2013 WL 3466810, at *5 (S.D.N.Y. July 8, 2013) (weighing, but rejecting, delay-based counter argument after plaintiff's affirmative showing of good cause). Delay alone will not negate plaintiffs' showing of good cause because "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Id. (citing State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981)). Besides, considering that over 500 individuals opted into the lawsuit, each requiring some quantum of individualized assessment, a "three-month delay [will] not qualify as extremely belated." Nycomed U.S. Inc, 2010 WL 1257803, at *11. Courts have regularly granted leave after the pleading deadline despite significantly longer delays. See e.g., Margel v. E.G.L. Gem Lab Ltd., 04 Civ. 1514 (PAC)(HBP), 2010 WL 445192, at *10 (S.D.N.Y.

Feb. 8, 2010) (granting leave under Rule 16(b) despite delay of at least six months); Jackson v. Roslyn Bd. of Educ., 596 F. Supp. 2d 581, 586 (E.D.N.Y. 2009) (granting leave under Rule 16(b) after five month delay); cf. Permatex, Inc. v. Loctite Corp., 03 Civ. 943 (LAK)(GWG), 2004 WL 1354253, at *3 (S.D.N.Y. June 17, 2004) (finding diligence when plaintiffs moved to amend almost two months after deposition brought new information to light).

Finally, because plaintiffs' proposed new claims rely on essentially the same facts as were set out in the original complaint, forcing plaintiffs "to institute a new action against the . . . defendant[ ] would run counter to the interests of judicial economy." Powell v. Metro One Loss Prevention Servs. Grp. (Guard Div. NY), Inc., 12 Civ. 4221 (LAP)(DF), 2013 WL 3956377, at *5 (S.D.N.Y. July 26, 2013) (quoting Randolph-Rand Corp. of New York v. Tidy Handbags, Inc., 96 Civ. 1829 (DF), 2001 WL 1286989, at *4 (S.D.N.Y. Oct. 24, 2001)). Moreover, FLSA's broad remedial nature and its collective action provision suggest that the act contemplates this very situation, and given the choice between litigating each claim separately or in the aggregate, it favors the latter. See Braunstein v. E. Photographic Labs., Inc., 600 F.2d 335, 336 (2d Cir. 1978) (permitting notice to broad class despite absence of statutory language because such a ruling "comports with the broad remedial purpose of the Act, which should be given a liberal construction, as well as with the interest of the courts in avoiding multiplicity of suits.")

In sum, the Court concludes that plaintiffs have demonstrated diligence and that good cause exists to extend the deadline to amend the pleadings. See e.g., Ouedraogo, 2013 WL 3466810, at *5 (granting leave under Rule 16(b) when proposed plaintiffs filed consent forms after the deadline to amend, and when "factual nexus" existed between complaint and proposed amendment).

## 2. Prejudice

The Court next considers whether plaintiffs' proposed amendment at this stage of the litigation would prejudice Chipotle. If so, the prejudice would constitute an independent ground on which the Court may deny the motion, even though plaintiffs have demonstrated good cause.

An amendment may be prejudicial if it would (1) require the defendant to expend "significant additional resources" to conduct discovery, or would (2) "significantly delay" the resolution of the dispute. Block, 988 F.2d at 350. "The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the non-movant of prejudice or bad faith." Id. Defendant has not persuaded the Court that prejudice exists.[3]

Here, Chipotle argues that the proposed amendment will "severely prejudice" its effort to conduct meaningful discovery because it will compound Chipotle's discovery costs, and will force Chipotle to "unfairly adjust its deposition strategy to select more deponents that worked in the four additional states." (Def.'s Opp. at 9, 10.)

It is not clear that the addition of new class representatives and state law class action claims would create "significant" discovery costs that prejudice Chipotle. In fact, until a recent Court order limiting discovery, Chipotle sought to conduct document discovery on all opt-in plaintiffs for the FLSA collective action. Even assuming that Chipotle will incur increased costs and will have to "adjust its deposition strategy," (Def.'s Opp. at 10), "[a]llegations that an amendment will require the expenditure of some additional time, effort, or money do not constitute undue prejudice." Randolph–Rand Corp. of New York, 2001 WL 1286989, at *4 (internal quotation omitted). In fact, "[t]he adverse party's burden of undertaking discovery,

---

[3] While Rule 16(b) analysis focuses on diligence and prejudice, the Court notes that, under Rule 15(a), bad faith and futility may also justify denying a motion to amend. See Holmes, 568 F.3d at 334. Chipotle, however, does not raise a futility argument. Nor is the Court persuaded by Chipotle's unsubstantiated claims that plaintiffs' motion is brought in bad faith or is otherwise meant to delay the proceeding.

11

standing alone, does not suffice to warrant denial of a motion to amend a pleading." United States v. Cont'l Illinois Nat'l Bank & Trust Co. of Chicago, 889 F.2d 1248, 1255 (2d Cir. 1989); see also Bridgeport Music, Inc. v. Universal Music Grp., Inc., 248 F.R.D. 408, 414-15 (S.D.N.Y. 2008) (granting leave despite defendant's need to reopen some depositions).

Furthermore, Chipotle is not prejudiced because discovery has not yet concluded. A court is more likely to find an amendment prejudicial if discovery has closed. See Davis v. Lenox Hill Hosp., 03 Civ. 3746 (DLC), 2004 WL 1926086, at *4 (S.D.N.Y. Aug. 31, 2004) (finding amendment to add seven named plaintiffs prejudicial when proposed five days *after* the close of class discovery); cf. Ouedraogo, 2013 WL 3466810, at *5 (finding amendment adding new named plaintiff did not prejudice defendant in "the early stages of litigation" and where "all discovery deadlines had been extended . . . ."). Here, discovery has barely begun. The Court recently authorized opt-in depositions on May 6, 2014, and representational document discovery of opt-in plaintiffs on June 6, 2014. Chipotle has just begun document discovery and, as of the date of this motion, has deposed only the two current named plaintiffs, Scott and Ensor. The Court also extended all discovery until September 19, 2014, giving Chipotle nearly three additional months to conduct the necessary depositions and document discovery.

Finally, the addition of Colorado, Illinois, North Carolina, and Washington labor law class action claims does not prejudice Chipotle either. Chipotle has not shown, for example, that there are meaningful differences between FLSA and the proposed state law labor claims which would unduly burden Chipotle's defense. See e.g., Lynch v. U.S. Auto. Ass'n, 614 F. Supp. 2d 398, 403 (S.D.N.Y. 2007) (comparing FLSA and analogous California state labor law and

finding that both involved similar factual and legal questions); see also Ruggles, 687 F. Supp. 2d at 35-36 (inquiring whether the state law labor claims required similar scope of discovery).[4]

## CONCLUSION

Plaintiffs have persuaded the Court that when balanced against Rule 15(a)'s lenient standard that leave be freely given, good cause exists to extend the deadline to amend the pleadings under Rule 16(b). Therefore, it is hereby ORDERED that plaintiffs' motion to amend the First Amended Complaint to add Colorado, Illinois, North Carolina, and Washington class action claims, and to name Medina, Jimenez, Higgs, and Parker as named plaintiffs, is GRANTED.

Plaintiffs shall file their Second Amended Complaint by July 7, 2013. The Clerk of Court is directed to terminate the motion at Docket Number 726.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         July 2, 2014

---

[4] Plaintiffs further argue that leave should also be granted under Rule 21, which states "[o]n motion or on its own, the Court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Because the Court is guided by "the same standard of liberality afforded to motions to amend pleadings under Rule 15," Reece v. Marc Ecko Unltd., 10 Civ. 2901 (JSR)(DF), 2011 WL 4112071, at *15 n.6 (S.D.N.Y. Aug. 19, 2011) (internal quotation marks and citation omitted) (citing Soler v. G & U, Inc., 86 F.R.D. 524, 527–28 (S.D.N.Y. 1980)), the preceding discussion of Rule 16(b)'s more stringent standard suffices to demonstrate why leave should be granted, and this argument need not be considered further.