

**O**UTTEN & **G**OLDEN LLP

*Advocates for Workplace Fairness*

October 30, 2014

**By ECF**
The Honorable Sarah Netburn
United States Magistrate Judge
U.S. District Court for the Southern District of New York
40 Foley Square
New York, NY 10007

        ***Re:***    ***Scott v. Chipotle Mexican Grill Inc.*, No. 12 Civ. 8333 (ALC) (SN)**

Dear Judge Netburn:

       We represent Plaintiffs in the above-referenced Fair Labor Standards Act ("FLSA") and state law class and collective action. We write to provide the Court with a joint status update concerning the status of opt-in deposition scheduling and replacements.

**Plaintiff's Position**

       In total, the parties have scheduled 36 opt-in plaintiffs for deposition. This group includes 1 opt-in plaintiff who was unable to attend his deposition on the originally scheduled date (which Plaintiffs are working on rescheduling), and 1 opt-in plaintiff who was previously disclosed as unresponsive, but who later contacted Plaintiffs' counsel and is now scheduled for a deposition. Plaintiffs are in communication with 6 additional opt-in plaintiffs, and are working on obtaining dates for those individuals.

       Of the 58 total deposition slots, 17 slots therefore remain, and they fall into three categories:

- 10 opt-ins have become unresponsive, and after exhaustive efforts to contact them, Plaintiffs disclosed them as unresponsive today.[1]

- 4 opt-ins were previously disclosed as unresponsive and were improperly served by Chipotle with *ex parte* subpoenas (1 of whom has contacted Plaintiffs' counsel to indicate a desire to withdraw from the case).[2] To date, Chipotle has not provided replacement selections for these individuals. *See* ECF No. 732 (B.

---

[1]     Of these 10 individuals, 5 were selected by Chipotle and 5 were selected randomly.
[2]     Plaintiffs have provided Chipotle with a proposed stipulation of dismissal for the 7 individuals who have indicated a desire to withdraw from the case, including the individual disclosed this week.

Murphy Letter dated May 2, 2014) at 2 ("any Opt-in Plaintiffs who do not appear
for deposition will be replaced by the same method of selection that identified the
non-appearing Opt-in Plaintiff").[3]

- 3 opt-ins were disclosed on October 23, 2014, as unresponsive or withdrawing,
  but replacements have not yet been selected, for the reasons set forth directly
  below.

Plaintiffs disclosed Adan Castillo as a withdrawing plaintiff on October 23, 2014, but
Chipotle has not provided a replacement selection.

Chipotle has refused to provide a replacement selection for Marta Serrato, and has instead
asked if Plaintiffs will consent to the service of a subpoena on her. Plaintiffs' counsel proposed
instead that Plaintiffs provide Ms. Serrato with an Order from the Court, as suggested by the
Court in the telephone conference on October 23, 2014.

Chipotle has stated that it will select Gabriel Vasquez to replace Andrew Paolinetti, one
of the opt-ins who has been unresponsive. Plaintiffs strongly object to this replacement. The
Court has already ruled that by interviewing Mr. Vasquez (a current Chipotle employee) *ex
parte*, Chipotle "violated Rule 4.2 of the Rules of Professional Conduct." ECF No. 785 at 7.
Allowing Chipotle to now depose Mr. Vasquez would implicate the same concerns raised by the
Court in its September 29, 2014, opinion. ECF No. 785. In deciding to exclude the statement
that Chipotle improperly obtained from Mr. Vasquez, the Court noted that "Chipotle has access
to hundreds of other current and former employees from whom it can, presumably, obtain similar
testimony[,]" *id.* at 8, and that Mr. Vasquez does not have "[i]n light of the principles
such that his [testimony] alone would be dispositive to the issues in dispute[,]" *id.* at 9. There is
no reason why Chipotle would need to depose Mr. Vasquez (as opposed to any of the hundreds
of other opt-ins), other than to take advantage of its prior *ex parte* communication with Plaintiffs'
client. As with the declaration obtained from Mr. Vasquez, "[i]n light of the principles
underlying Rule 4.2(a) and a judge's duty to protect the rights of class members and the fairness
of the litigation, it would be improper and would provide undesirable incentives for the Court to
allow Chipotle to benefit from its inappropriate, albeit unintentional, conduct." *Id.* at 9.[4]

---

[3] Plaintiffs have also provided Chipotle with a proposed corrective notice to be served on
the individuals who were served with improper subpoenas, and the parties are in the process of
meeting and conferring regarding that issue. Exhibit A (Proposed Notice).

[4] Chipotle's portion of the letter, provided to Plaintiffs late this evening, raises several
issues beyond the opt-in deposition scheduling that the Court asked the parties to address in this
letter. Plaintiffs will be prepared to respond to these issues in the conference call with the Court
tomorrow, or in subsequent filings, as appropriate.

**Defendant's Position**

### 1.   Scheduling of Opt-In Plaintiff Depositions

During our last status conference on October 21, 2014, the parties reported that a total of only 31 out of 58 opt-in plaintiff depositions had been scheduled by Plaintiffs.  Just a couple of hours after the Court conference with Your Honor ended, Plaintiffs' counsel emailed Chipotle's counsel to inform us that they were unilaterally cancelling one of those 31 depositions.  That deposition has not yet been rescheduled by Plaintiffs.

As of 5:00 pm today, Plaintiffs have provided us with only four additional dates of opt-in deponents selected for deposition.[5]  Additionally, at 4:43 p.m. today, Plaintiffs' counsel provided Chipotle with a list of 10 additional opt-in plaintiffs who are unresponsive.  Since Plaintiffs have only scheduled 34 out of 58 depositions, and Chipotle has sought to schedule these depositions for several months, we respectfully request that the Court issue an Order dismissing the claims of the remaining 24 opt-in plaintiffs who have failed to appear for or schedule depositions.

### 2.   Scheduling of Unresponsive Opt-In Depositions

In the last week, in addition to the four deposition dates provided by Plaintiffs and noted above, Plaintiffs also provided Chipotle with a deposition date for Patricia Villanueva, an opt-in plaintiff who Plaintiffs identified as unresponsive on October 3, 2014.  On October 7, 2014, the parties randomly selected new opt-in plaintiffs to replace Ms. Villanueva and 5 other randomly selected opt-in plaintiffs who were identified as unresponsive.  Since Ms. Villanueva was identified as unresponsive and replaced, Chipotle discontinued its efforts to obtain documents and email data in connection with Ms. Villanueva.  Instead, Chipotle has focused its efforts on pulling documents for the individuals who replaced the unresponsive opt-in plaintiffs.  For the reasons explained in more detail below, it creates undue burden and costs for Chipotle to continue searching for documents in connection with individuals who are identified as unresponsive.  As a result, Chipotle takes the position Plaintiffs should not be allowed to schedule depositions for individuals whom have previously been identified as unresponsive and replaced by the parties.

### 3.   Withdrawal of Opt-In Plaintiffs

As previously reported to the Court, Plaintiffs' counsel has indicated that six individuals wish to withdraw their consent to sue in this case.  During the last conference, the Court instructed Plaintiffs to file stipulations of withdrawals for those individuals before the next scheduled conference.  Plaintiffs' counsel provided us with a draft stipulation for review at 4:42 p.m. today.  We are still in the process of reviewing the draft.  However, upon our initial review we note that the stipulation fails to note that the dismissal of these individual is with prejudice.  It is Chipotle's position that the dismissal of their claims should be with prejudice.

---

[5] As set forth below, Plaintiffs also provided us with an additional date for an opt-in plaintiff whom they had previously identified as unresponsive.

### 4. <u>Timing of Document Productions</u>

The Parties previously agreed to produce documents prior to each opt-in deposition at least 10 days prior to the deposition date. However, because of scheduling delays by Plaintiffs, we are sometimes receiving deposition dates just a day or two prior to the 10-day production deadline. When this happens, Plaintiffs then turn around and ask for immediate production of documents. Given the amount of documents at issue and the types of electronic searches that the Plaintiffs are requiring for each deponent, it is impossible to turn around the document productions in just a day or two.

More specifically, Plaintiffs are requiring that Chipotle search the restaurant email accounts and apply numerous search terms to the data contained in those accounts. This requires obtaining the email account data from the client, paying a vendor to process that data, paying a vendor to run search terms on the data, paying a vendor to process the search results for review, reviewing the search results and then processing the responsive documents for production. In total this process takes approximately a week to complete. In addition, the cost of processing, searching and reviewing the search results, including vendor processing fees and attorney time, is upwards of $3,000 per deponent.

Given the high costs of processing the electronic discovery for each of the deponents, we have repeatedly informed Plaintiffs that Chipotle will not run searches for deponents until dates are confirmed. This is because Chipotle wants to prioritize the allocation of resources for opt-in plaintiffs whose depositions are actually scheduled and avoid incurring unnecessary costs for opt-in plaintiffs who may ultimately be unresponsive and may never appear for depositions. Nonetheless, it appears that Plaintiffs intend to hold us to a 10-day production deadline even though the delay in providing deposition dates was caused by Plaintiffs. In particular, Plaintiffs have threatened to reschedule depositions if we were unable to produce documents by the 10-day deadline. They have made this threat even though they have previously asked Chipotle to be flexible with regard to the production deadline for responses and documents being produced by the opt-in plaintiffs.

We raise this issue with the Court because we have many depositions left to schedule in a short period of time and we do not want to be faced with the threat of cancellation of scheduled dates as a result of delays that were not caused by Chipotle. As a result, we respectfully request that the Court allow Chipotle to produce documents five days before any deposition scheduled less than two-weeks prior to the deposition date. Alternatively, we ask the Court to allow Chipotle to produce documents within 10 days of the dates on which deposition dates are scheduled by Plaintiffs.

### 5. <u>Scheduling of Depositions Noticed by Plaintiffs</u>

As the Court is aware, Plaintiffs have recently filed a letter seeking to compel appearance of certain Chipotle executives. Chipotle is preparing a separate response to that letter and will not address those issues here. However, we feel compelled to bring to the Court's attention our concerns regarding Plaintiffs' belated efforts to schedule additional depositions as the discovery period is coming to a close. In particular, we are concerned that, because Plaintiffs have

inexplicably waited until the last minute to schedule the depositions that they are seeking, those depositions will interfere with Chipotle's ongoing efforts to schedule the opt-in plaintiff depositions which it has been trying to schedule over the last several months.

For example, although the first day of the 30(b)(6) deposition of Chipotle took place in April of this year and Chipotle has been offering to continue that deposition for another full day since June of this year, Plaintiffs have not attempted to schedule the second day of the deposition until yesterday evening.

In addition, although we scheduled depositions of two Chipotle executives, including an officer of the Company, during a window of availability in mid-November that Plaintiffs' counsel had previously provided to Chipotle, yesterday Plaintiffs unilaterally cancelled those dates and provided seven possible dates in December for rescheduling those depositions, along with the other Chipotle depositions that they are seeking to take. As we told Plaintiffs' counsel, it took extraordinary efforts for the witnesses to rearrange their schedules in order to make themselves available on dates that Plaintiffs' counsel represented would work. It will be extremely difficult for these individuals to rearrange their schedules yet again to accommodate Plaintiffs' counsel and, given that one of these individuals is an officer of the Company, will cause additional interference with her responsibilities to the Company.

Given the limited amount of time remaining in discovery, it will be difficult to reschedule these two depositions and schedule any additional depositions that Plaintiffs are seeking at this late stage in the litigation. Chipotle will do its best to schedule these depositions in the remaining discovery period, but may not be able to accommodate the limited number of available dates that Plaintiffs' counsel has provided.

### 6. Additional Unresponsive Opt-In Plaintiffs

In addition to the 10 individuals previously identified as unresponsive and the additional 10 individuals identified as unresponsive today, on October 23, 2014, Plaintiffs identified two additional opt-in deponents as unresponsive. Both of these individuals were opt-in plaintiffs who were selected for deposition by Chipotle. As the Court knows, in addition to claims under the Fair Labor Standards Act ("FLSA"), this case involves state law claims under Washington state law. One of the two individuals selected by Chipotle was specifically selected because she worked in Washington State. Because Chipotle has not been able to secure a deposition of any other opt-in plaintiffs from Washington State, as suggested by the Court, Chipotle's counsel reached out to Plaintiffs' counsel on October 27th to ask to meet and confer regarding the process for serving a subpoena on this individual. Today at 4:41 pm, Plaintiffs' counsel finally responded to and rejected our request to meet and confer. Instead, Plaintiffs suggested that this individual be served with the Order issued by the Court to unresponsive opt-in plaintiffs. However, Plaintiffs' proposal that anyone designated as unresponsive is immune regarding from being subpoenaed is both contrary to Rule 30 of the Federal Rules of Civil Procedure and allows Plaintiffs to manipulate the deposition pool by simply designating individuals as unresponsive.

With regard to the other individual whom Chipotle had the right to designate, Chipotle indicated in its October 27th email that it selected Gabriel Vasquez as the replacement deponent.

As the Court is aware, Mr. Vasquez is the opt-in from whom Chipotle inadvertently obtained a declaration. In the response email received today, Plaintiffs' counsel indicated for the first time that they object to replacing the unresponsive opt-in with Mr. Vasquez and that they intended to raise this issue in this status letter to the Court.

It is Chipotle's position that it is entitled to depose any opt-in plaintiff it chooses, including Mr. Vasquez, as in opt-in plaintiff in this action, with the limited number of selections it has been allocated. There will be no prejudice to Mr. Vasquez as his counsel will be present during the deposition. Further, as the Court indicated in its Order regarding the Vasquez declaration, the Court was seeking to put the parties back to the position they were in before the declaration was obtained. Since Chipotle would have been entitled to select Mr. Vasquez for deposition prior to obtaining his declaration, it should be permitted to do so now as well. This is consistent with the fact that, as an opt-in plaintiff, he would be subject to cross examination at trial. As a result, we respectfully ask that the Court allow Chipotle to select Mr. Vasquez as a replacement deponent to replace the unresponsive opt-in plaintiff.

Respectfully submitted,

Justin M. Swartz
Counsel for Plaintiffs


/s/ Lisa M. Lewis

Lisa M. Lewis
Counsel for Chipotle Mexican Grill, Inc.


cc:     All counsel (via ECF)