**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone:  (212) 300-0375

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, *pro hac vice*
Keith M. Stern, *pro hac vice*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone: (561) 447-8888

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Melissa L. Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MAXCIMO SCOTT, JAY ENSOR, MATTHEW MEDINA, EUFEMIA JIMENEZ, KRYSTAL PARKER, STACY HIGGS, and CHRISTINA JEWEL GATELEY, on behalf of themselves and all others similarly situated,**<br><br>**Plaintiffs,**<br><br>-against-<br><br>**CHIPOTLE MEXICAN GRILL, INC., and CHIPOTLE SERVICES, LLC,**<br><br>**Defendants.** | **12 Civ. 8333 (ALC)(SN)**<br><br>**THIRD AMENDED CLASS ACTION COMPLAINT** |

Plaintiffs Maxcimo Scott, Jay Ensor, Matthew Medina, Eufemia Jimenez, Krystal Parker, Stacy Higgs, and Christina Jewel Gateley ("Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1.       This lawsuit seeks to recover overtime compensation and spread-of-hours pay for Plaintiffs and their similarly situated co-workers, Apprentices and/or Assistant Managers (hereinafter

"Apprentices"), who work or have worked for Defendants Chipotle Mexican Grill, Inc. and/or Chipotle

Services, LLC (previously known as Chipotle Mexican Grill Service, Co., LLC), at Chipotle Mexican

Grill Restaurants nationwide (collectively "Chipotle").

2.      Chipotle is a chain of Mexican style Restaurants known for its natural ingredients

and assembly line production. According to their website, Chipotle considers itself a "fast-

casual" dining establishment, where "customers expect food quality that's more in line with full-

service restaurants, coupled with the speed and convenience of fast food."

http://www.chipotle.com/en-us/company/about_us.aspx.

3.      According to Chipotle's Form 10-K for the fiscal year ending on December 31,

2011, Chipotle operated 1,350 restaurants, employed 2,570 salaried employees and 28,370

hourly employees. For the fiscal year 2011, Chipotle earned approximately $2.27 billion dollars

in revenue.

4.      Chipotle's restaurants are designed around the concept of an open kitchen, where

employees are constantly engaging customers and preparing meals in front of customers in an

assembly line production.

5.      Chipotle states in its' 2011 form 10-K that, "All of our restaurant employees are

encouraged to interact with customers no matter their job, whether preparing food or serving

customers…" Chipotle further states that its' "employees spend hours preparing our food

onsite."

6.      At Chipotle, Apprentices are required to provide customer service while on duty.

7.      Apprentices spend the majority of their shifts working the assembly line, filling

orders for customers, grilling, operating the cash register, and preparing items for the line

including salsa, guacamole, chopped vegetables and other food items.

8.      Regardless of the number of hours worked, Apprentices do not receive overtime compensation.

9.      Chipotle classifies all Apprentices as "executives" and exempt from overtime pay.

10.     However, Apprentice's primary duties are food preparation and customer service and are similar to the duties performed by hourly non-exempt employees.

11.     Apprentices should be classified as non-exempt from the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and state wage and hour laws.

12.     Upon information and belief, Chipotle applied the same compensation and employment policies, practices, and procedures to all Apprentices nationwide.

13.     Plaintiffs bring this action on behalf of themselves and similarly situated current and former Apprentices nationwide who elect to opt-in to this action pursuant to the FLSA, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Chipotle that have deprived Plaintiffs and other similarly situated employees of their lawfully earned wages.

14.     Plaintiff Maxcimo Scott also brings this action on behalf of himself and all similarly situated current and former Apprentices who worked in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations (collectively, "NYLL").

15.     Plaintiff Jay Ensor also brings this action on behalf of himself and all similarly situated current and former Apprentices who worked in Missouri pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the Missouri Labor Law Rev. Stat. § 290.502 and § 290.505 (collectively, "MLL").

16.     Plaintiff Matthew Medina also brings this action on behalf of himself and all similarly situated current and former Apprentices who worked in Colorado pursuant to Federal Rule of Civil Procedure 23 to remedy violations of C.R.S. 8-4-101, *et seq.* and Colorado Wage Order No. 29, 7 C.C.R. 1103-1, *et seq.* (collectively "Colorado Wage Laws").

17.     Plaintiffs Eufemia Jimenez and Christina Jewel Gateley also bring this action on behalf of themselves and all similarly situated current and former Apprentices who worked in Illinois pursuant to Federal Rule of Civil Procedure 23 to remedy violations of Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.,* the Illinois Wage Payments and Collections Act, 820 Ill. Comp. Stat. §§ 115/1, *et seq.*, and their implementing regulations, 56 Ill. Admin. Code §§ 210.100 through 300.850 (collectively, "Illinois Wage Laws").Plaintiff Krystal Parker also brings this action on behalf of herself and all similarly situated current and former Apprentices who worked in North Carolina pursuant to Federal Rule of Civil Procedure 23 to remedy violations of North Carolina's Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*, and implementing regulations, 13 N.C. Admin. Code 12.0300, *et seq.* (collectively, "North Carolina Wage Laws").

18.     Plaintiff Stacy Higgs also brings this action on behalf of herself and all similarly situated current and former Apprentices who worked in Washington pursuant to Federal Rule of Civil Procedure 23 to remedy violations of Washington's Minimum Wage Act, Rev. Code Wash. §§49.46.005, *et seq.*; Washington's Industrial Welfare Act, Rev. Code Wash. §§49.12.005, *et seq.*; Washington's Wage Rebate Act, Rev. Code Wash. §§49.52.050, *et seq.*; and Washington Administrative Code §§296-126-092 (collectively, "Washington Wage Laws").

## THE PARTIES

**Plaintiffs**

**Maxcimo Scott**

19.     Maxcimo Scott ("Scott") is an adult individual who is a resident of Bronx, New York.

20.     From in or around 2007 until 2009 Scott was employed by Defendants as a Crew Member at the Chipotle located at 9 Saint Marks Place, New York, New York 10003 ("St. Marks").

21.     From in or around 2009 to October 17, 2011, Scott was employed by Defendants as an Apprentice at the St. Marks Chipotle.

22.     As an Apprentice, Scott frequently performed the functions of an hourly Crew member on the line.

23.     Scott frequently worked more than 40 hours per week with an average of 50 to 55 hours per week.

24.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Scott premium overtime pay when he worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

25.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Scott spread-of-hours pay when the length of his workday was greater than 10 hours.

26.     Scott is a covered employee within the meaning of the FLSA and the NYLL.

27.     A written consent form for Scott was filed as an attachment to the original Class Action Complaint.

**Jay Ensor**

28. Jay Ensor ("Ensor") is an adult individual who is a resident of Kansas City, Missouri.

29. From in or around May 2010 until July 2010, Ensor was employed by Defendants as an Apprentice at the Chipotle located at 15100 West 119th Street, Olathe, Kansas 66062.

30. From in or around July 2010 to March 2011, Ensor was employed by Defendants as an Apprentice at the Chipotle located at 306 South 9th Street, Columbia, Missouri 65201.

31. From in or around March 2011 until June 2011, Ensor was employed by Defendants as an Apprentice at the Chipotle located at 2540 Broadway Bluffs Drive, Columbia, Missouri 65201.

32. As an Apprentice, Ensor frequently performed the functions of an hourly Crew member on the line.

33. Ensor frequently worked more than 40 hours per week with an average of 50 to 60 hours per week.

34. Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Ensor premium overtime pay when he worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

35. Ensor is a covered employee within the meaning of the FLSA and the NYLL.

36. A written consent form for Ensor was previously filed with the Court.

**Matthew Medina**

37. Matthew Medina ("Medina") is an adult individual who is a resident of Lakewood, Colorado.

38.     From in or around April 2013 until in or around October 2013, Medina was employed by Defendants as an Apprentice at the Chipotle located at 145 Union Blvd., Lakewood, CO 80228.

39.     As an Apprentice, Medina frequently performed the functions of an hourly Crew member on the line.

40.     Medina frequently worked more than 40 hours per week with an average of 50 to 55 hours per week.

41.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Medina premium overtime pay when he worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

42.     Medina is a covered employee within the meaning of the FLSA and the Colorado Wage Laws.

43.     A written consent form for Medina was previously filed with the Court.

**Eufemia Jimenez**

44.     Eufemia Jimenez ("Jimenez") is an adult individual who is a resident of Chicago, Illinois.

45.     From in or around October 2011 through in or around February 2012, Jimenez was employed by Defendants as an Apprentice at the Chipotle located at 2809 North Ashland Avenue, Chicago, IL 60657.

46.     As an Apprentice, Jimenez frequently performed the functions of an hourly Crew member on the line.

47.     Jimenez frequently worked more than 40 hours per week with an average of 55 to 60 hours per week.

48.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Jimenez premium overtime pay when she worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

49.     Jimenez is a covered employee within the meaning of the FLSA and the Illinois Wage Laws.

50.     A written consent form for Jimenez was previously filed with the Court.

**Christina Jewel Gateley**

51.     Christina Jewel Gateley ("Gateley") is an adult individual who is a resident of Glendale Heights, Illinois.

52.     From in or around May 2010 through in or around February 2011, Gateley was employed by Defendants as an Apprentice at the Chipotle located in Bloomingdale, IL.

53.     From in or around February 2011 through in or around April 2011, Gateley was employed by Defendants as an Apprentice at the Chipotle located in La Grange, IL.

54.     As an Apprentice, Gateley frequently performed the functions of an hourly Crew member on the line.

55.     Gateley frequently worked more than 40 hours per week with an average of 55 to 65 hours per week.

56.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Gateley premium overtime pay when she worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

57.     Gateley is a covered employee within the meaning of the FLSA and the Illinois Wage Laws.

58.     A written consent form for Gateley was previously filed with the Court.

**Krystal Parker**

59.     Krystal Parker ("Parker") is an adult individual who is a resident of Charlotte, North Carolina.

60.     From in or around October 2012 through in or around January 2013, Parker was employed by Defendants as an Apprentice at the Chipotle located at 9335 N. Tryon St. Suite 101, Charlotte, North Carolina, 28262.

61.     As an Apprentice, Parker frequently performed the functions of an hourly Crew member on the line.

62.     Parker frequently worked more than 40 hours per week with an average of 60 to 65 hours per week.

63.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Parker premium overtime pay when she worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

64.     Parker is a covered employee within the meaning of the FLSA and the North Carolina Wage Laws.

65.     A written consent form for Parker was previously filed with the Court.

**Stacy Higgs**

66.     Stacy Higgs ("Higgs") is an adult individual who is a resident of Vancouver, Washington.

67.     From in or around February 2012 through in or around July 2012, Higgs was employed by Defendants as an Apprentice at the Chipotle located at 4120 196th St SW #150, Lynnwood, WA 98036.

68.     As an Apprentice, Higgs frequently performed the functions of an hourly Crew member on the line.

69.     Higgs frequently worked more than 40 hours per week with an average of 50 to 60 hours per week.

70.     Pursuant to Chipotle's policy and pattern or practice, Chipotle did not pay Higgs premium overtime pay when she worked as an Apprentice for their benefit in excess of 40 hours in a workweek.

71.     Higgs is a covered employee within the meaning of the FLSA and the Washington Wage Laws.

72.     A written consent form for Higgs was previously filed with the Court.

**Defendants**

**Chipotle Mexican Grill, Inc.**

73.     Chipotle Mexican Grill, Inc. has owned and/or operated the Chipotle restaurants during the relevant period.

74.     Chipotle Mexican Grill, Inc. is a foreign business corporation organized and existing under the laws of Delaware.

75.     Upon information and belief, Chipotle Mexican Grill, Inc.'s principal executive office is located at 1401 Wynkoop Street, Suite 500, Denver, Colorado, 80202.

76.     Chipotle Mexican Grill, Inc. is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiffs and similarly situated employees.

77.     At all times relevant, Chipotle Mexican Grill, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

78.     Chipotle Mexican Grill, Inc. applies the same employment policies, practices, and procedures to all Apprentices at the Chipotle restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation and spread-of-hours pay.

79.     Upon information and belief, at all times relevant, Chipotle Mexican Grill, Inc.'s annual gross volume of sales made or business done was not less than $500,000.00.

**Chipotle Services, LLC**

80.     Chipotle Services, LLC (previously known as Chipotle Mexican Grill Service, Co., LLC) has employed the employees who worked or continue to work at Chipotle restaurants during the relevant period.

81.     Chipotle Services, LLC is a limited liability company organized under the laws of Colorado.

82.     Upon information and belief, Chipotle Services, LLC's offices are located at 1401 Wynkoop Street, Suite 500, Denver, Colorado, 80202.

83.     At all times relevant, Chipotle Services, LLC (previously known as Chipotle Mexican Grill Service, Co., LLC) has been the corporate entity listed on Plaintiffs' paychecks and W-2 forms.

84.     Chipotle Services, LLC is a covered employer within the meaning of the FLSA and the NYLL, Colorado Wage Laws, Illinois Wage Laws, Missouri Wage Laws, North Carolina Wage Laws, Washington Wage Laws, and, at all times relevant, employed Plaintiffs and similarly situated employees.

85.     At all times relevant, Chipotle Services, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

86.     Chipotle Services, LLC applies the same employment policies, practices, and procedures to all Apprentices at the Chipotle restaurants, including policies, practices, and procedures with respect to the payment of overtime compensation and spread-of-hours pay.

87.     Upon information and belief, at all times relevant, Chipotle Services, LLC's annual gross volume of business done was not less than $500,000.00.

## JURISDICTION AND VENUE

88.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

89.     In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

90.     The amount in controversy in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs.

91.     At least one member of the proposed class is a citizen of a state different from that of at least one Defendant.

92.     Plaintiffs' claims involve matters of national or interstate interest.

93.     Citizenship of the members of the proposed class is dispersed among a substantial number of states.

94.     Upon information and belief, greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are not citizens of the same state.

95.     Upon information and belief, Defendant Chipotle Mexican Grill, Inc. resides in Delaware.

96.     Upon information and belief, Defendants are subject to personal jurisdiction in

New York.

97.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

98.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

99.     Plaintiffs bring the First Cause of Action, an FLSA claim, on behalf of themselves and all similarly situated persons who have worked as Apprentices at Chipotle restaurants nationwide, who elect to opt-in to this action (the "FLSA Collective").

100.     Defendants are liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiffs and other similarly situated Apprentices.

101.     Consistent with Defendants' policy and pattern or practice, Plaintiffs and the members of the FLSA Collective were not paid premium overtime compensation when they worked beyond 40 hours in a workweek.

102.     All of the work that Plaintiffs and the members of the FLSA Collective have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiffs and the FLSA Collective have performed.

103.     As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the members of FLSA Collective.  This policy and pattern or practice includes, but is not limited to:

(a)     willfully failing to pay its employees, including Plaintiffs and the members of the FLSA Collective, premium overtime wages for hours that they worked in excess

of 40 hours per workweek;

(b)     willfully misclassifying Plaintiffs and the members of the FLSA collective as exempt from the protections of the FLSA; and

(c)     willfully failing to record all of the time that its employees, including Plaintiffs and the members of the FLSA Collective, have worked for the benefit of Defendants.

104.    Defendants are aware or should have been aware that federal law required them to pay Plaintiffs and the members of the FLSA Collective overtime premiums for hours worked in excess of 40 per workweek.

105.    Plaintiffs and the members of the FLSA Collective perform or performed the same primary duties.

106.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

107.    There are many similarly situated current and former Apprentices who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

108.    This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

109.    Those similarly situated employees are known to Defendants, are readily identifiable and can be located through Defendants' records.

## NEW YORK CLASS ACTION ALLEGATIONS

110.    Plaintiff Scott brings the Second and Fourth Causes of Action,  NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in New York between November 15, 2006 and the date of final judgment in this matter (the "New York Rule 23 Class").

111.    Excluded from the New York Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the New York Rule 23 Class.

112.    The members of the New York Rule 23 Class are so numerous that joinder of all members is impracticable.

113.    Upon information and belief, the size of the New York Rule 23 Class is at least 100 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

114.    Defendants have acted or has refused to act on grounds generally applicable to the New York Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the New York Rule 23 Class as a whole.

115.    Common questions of law and fact exist as to the New York Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

    (a)    whether Defendants violated NYLL, Articles 6 and 19, and the supporting New York State Department of Labor regulations;

    (b)    whether Defendants failed to compensate Plaintiff Scott and the *New York* Rule 23 Class for hours worked in excess of 40 hours per workweek;

    (c)    whether Defendants misclassified Plaintiff Scott and the New York Rule 23 Class;

    (d)    whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff Scott and the New York Rule 23 Class, and other records

required by the NYLL;

(e)     whether Defendants failed to provide Plaintiff Scott and the New York Rule 23 Class spread-of-hours pay when the length of their workday was greater than 10 hours;

(f)     whether Defendants failed to furnish Plaintiff Scott and the New York Rule 23 Class with an accurate statement of wages, hours worked, rates paid, and the gross wages as required by the NYLL;

(g)     whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

(h)     the nature and extent of class-wide injury and the measure of damages for those injuries.

116.    The claims of Plaintiff Scott are typical of the claims of the New York Rule 23 Class he seeks to represent.

117.    Plaintiff Scott and all of the New York Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

118.    Plaintiff Scott and the New York Rule 23 Class members enjoy the same statutory rights under the NYLL, including to be paid for all hours worked, to be paid overtime wages and spread-of-hours pay.  Plaintiff Scott and the New York Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL. Plaintiff Scott and the New York Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

119.    Plaintiff Scott will fairly and adequately represent and protect the interests of the members of the New York Rule 23 Class.  Plaintiff Scott understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Scott recognizes that as class representative, he must represent and consider the interests

of the class just as he would represent and consider his own interests.  Plaintiff Scott understands

that in decisions regarding the conduct of the litigation and its possible settlement, he must not

favor his own interests over the class.  Plaintiff Scott recognizes that any resolution of a class

action must be in the best interest of the class.  Plaintiff Scott understands that in order to provide

adequate representation, he must be informed of developments in litigation, cooperate with class

counsel, and testify at deposition and/or trial.  Plaintiff Scott has retained counsel competent and

experienced in complex class actions and employment litigation.  There is no conflict between

Plaintiff Scott and the New York Rule 23 members.

120.    A class action is superior to other available methods for the fair and efficient

adjudication of this litigation.  The members of the New York Rule 23 Class have been damaged

and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their

common and uniform policies, practices, and procedures.   Although the relative damages

suffered by individual New York Rule 23 Class members are not de minimis, such damages are

small compared to the expense and burden of individual prosecution of this litigation.   The

individual plaintiff lacks the financial resources to conduct a thorough examination of

Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit

against Defendants to recover such damages.  In addition, class litigation is superior because it

will obviate the need for unduly duplicative litigation that might result in inconsistent judgments

about Defendants' practices.

121.    This action is properly maintainable as a class action under Federal Rule of Civil

Procedure 23(b)(3).

## MISSOURI CLASS ACTION ALLEGATIONS

122.    Plaintiff Ensor brings the Third Cause of Action, a MLL claim, under Rule 23 of

the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in Missouri between February 13, 2011 and the date of final judgment in this matter (the "Missouri Rule 23 Class").

123.     Excluded from the Missouri Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Missouri Rule 23 Class.

124.     The members of the Missouri Rule 23 Class are so numerous that joinder of all members is impracticable.

125.     Upon information and belief, the size of the Missouri Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

126.     Defendants have acted or has refused to act on grounds generally applicable to the Missouri Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Missouri Rule 23 Class as a whole.

127.     Common questions of law and fact exist as to the Missouri Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated MLL § 290.502 and § 290.505;

(b)     whether Defendants failed to compensate Plaintiff Ensor and the *Missouri* Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants misclassified Plaintiff Ensor and the Missouri Rule 23 Class; and

(d)     the nature and extent of class-wide injury and the measure of damages for those injuries.

128.    The claims of Plaintiff Ensor are typical of the claims of the Missouri Rule 23 Class he seeks to represent.

129.    Plaintiff Ensor and all of the Missouri Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

130.    Plaintiff Ensor and the Missouri Rule 23 Class members enjoy the same statutory rights under the MLL, including to be paid for all hours worked and to be paid overtime wages. Plaintiff Ensor and the Missouri Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the MLL.  Plaintiff Ensor and the Missouri Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

131.    Plaintiff Ensor will fairly and adequately represent and protect the interests of the members of the Missouri Rule 23 Class.  Plaintiff Ensor understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiff Ensor recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff Ensor understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff Ensor recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Ensor understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff Ensor has retained counsel

competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Ensor and the Missouri Rule 23 members.

132.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Missouri Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the MLL, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Missouri Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

133.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COLORADO CLASS ACTION ALLEGATIONS

134.    Plaintiff Medina brings the Fifth Cause of Action, a Colorado claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in Colorado between April 25, 2012 and the date of final judgment in this matter (the "Colorado Rule 23 Class").

135.    Excluded from the Colorado Rule 23 Class are Defendants, Defendants' legal

representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Colorado Rule 23 Class.

136.    The members of the Colorado Rule 23 Class are so numerous that joinder of all members is impracticable.

137.    Upon information and belief, the size of the Colorado Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

138.    Defendants have acted or has refused to act on grounds generally applicable to the Colorado Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Colorado Rule 23 Class as a whole.

139.    Common questions of law and fact exist as to the Colorado Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated Colorado Wage Laws C.R.S. 8-4-101, *et seq.* and Colorado Wage Order No. 29, 7 C.C.R. 1103-1, *et seq.*;

(b)    whether Defendants failed to compensate Plaintiff Medina and the Colorado Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendants misclassified Plaintiff Medina and the Colorado Rule 23 Class; and

(d)    the nature and extent of class-wide injury and the measure of damages for those injuries.

140.    The claims of Plaintiff Medina are typical of the claims of the Colorado Rule 23

Class he seeks to represent.

141.    Plaintiff Medina and all of the Colorado Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

142.    Plaintiff Medina and the Colorado Rule 23 Class members enjoy the same statutory rights under the Colorado Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiff Medina and the Colorado Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Colorado Wage Laws.  Plaintiff Medina and the Colorado Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

143.    Plaintiff Medina will fairly and adequately represent and protect the interests of the members of the Colorado Rule 23 Class.  Plaintiff Medina understands that as class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Medina recognizes that as class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests. Plaintiff Medina understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff Medina recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Medina understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff Medina has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Medina and the Colorado Rule 23 members.

144.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Colorado Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Colorado Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Colorado Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.   The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

145.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## ILLINOIS CLASS ACTION ALLEGATIONS

146.    Plaintiffs Jimenez and Gateley bring the Sixth Cause of Action, an Illinois claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in Illinois between April 25, 2011 and the date of final judgment in this matter for purposes of the Illinois Minimum Wage Act violation, and between April 25, 2004 and the date of final judgment in this matter for purposes of the Illinois Wage Payment Act violation (the "Illinois Rule 23 Class").

147.    Excluded from the Illinois Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at

any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Illinois Rule 23 Class.

148.    The members of the Illinois Rule 23 Class are so numerous that joinder of all members is impracticable.

149.    Upon information and belief, the size of the Illinois Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

150.    Defendants have acted or has refused to act on grounds generally applicable to the Illinois Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Illinois Rule 23 Class as a whole.

151.    Common questions of law and fact exist as to the Illinois Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated the Illinois Wage Laws, 820 ILCS 105/4 and 820 ILCS 115/14;

(b)    whether Defendants failed to compensate Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendants misclassified Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class; and

(d)    the nature and extent of class-wide injury and the measure of damages for those injuries.

152.    The claims of Plaintiffs Jimenez and Gateley are typical of the claims of the Illinois Rule 23 Class they seek to represent.

153.    Plaintiffs Jimenez and Gateley and all of the Illinois Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

154.    Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class members enjoy the same statutory rights under the Illinois Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the Illinois Wage Laws.  Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

155.    Plaintiffs Jimenez and Gateley will fairly and adequately represent and protect the interests of the members of the Illinois Rule 23 Class.  Plaintiffs Jimenez and Gateley understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiffs Jimenez and Gateley recognize that as class representatives, they must represent and consider the interests of the class just as they would represent and consider their own interests.  Plaintiffs Jimenez and Gateley understand that in decisions regarding the conduct of the litigation and its possible settlement, they must not favor their own interests over the class.  Plaintiffs Jimenez and Gateley recognize that any resolution of a class action must be in the best interest of the class.  Plaintiffs Jimenez and Gateley understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiffs Jimenez and Gateley have retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiffs Jimenez and Gateley and the Illinois Rule 23 members.

156.   A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Illinois Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Illinois Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Illinois Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.   The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

157.   This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

**NORTH CAROLINA CLASS ACTION ALLEGATIONS**

158.   Plaintiff Parker brings the Seventh Cause of Action, a North Carolina claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in North Carolina between April 25, 2012 and the date of final judgment in this matter (the "North Carolina Rule 23 Class").

159.   Excluded from the North Carolina Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the

Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the North Carolina Rule 23 Class.

160.    The members of the North Carolina Rule 23 Class are so numerous that joinder of all members is impracticable.

161.    Upon information and belief, the size of the North Carolina Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

162.    Defendants have acted or has refused to act on grounds generally applicable to the North Carolina Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the North Carolina Rule 23 Class as a whole.

163.    Common questions of law and fact exist as to the North Carolina Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)    whether Defendants violated N.C. Gen. Stat. § 95-25.1, *et seq.*;

(b)    whether Defendants failed to compensate Plaintiff Parker and the North Carolina Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)    whether Defendants misclassified Plaintiff Parker and the North Carolina Rule 23 Class; and

(d)    the nature and extent of class-wide injury and the measure of damages for those injuries.

164.    The claims of Plaintiff Parker are typical of the claims of the North Carolina Rule 23 Class she seeks to represent.

165.    Plaintiff Parker and all of the North Carolina Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

166.    Plaintiff Parker and the North Carolina Rule 23 Class members enjoy the same statutory rights under the North Carolina Wage Laws, including to be paid for all hours worked and to be paid overtime wages.  Plaintiff Parker and the North Carolina Rule 23 Class members have all sustained similar types of damages as a result of Defendants' failure to comply with the North Carolina Wage Laws.  Plaintiff Parker and the North Carolina Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

167.    Plaintiff Parker will fairly and adequately represent and protect the interests of the members of the North Carolina Rule 23 Class.  Plaintiff Parker understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Parker recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff Parker understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.  Plaintiff Parker recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Parker understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff Parker has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Parker and the North Carolina Rule 23 members.

168.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the North Carolina Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the North Carolina

Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual North Carolina Rule 23 Class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

169.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## WASHINGTON CLASS ACTION ALLEGATIONS

170.    Plaintiff Higgs brings the Eighth Cause of Action, a Washington claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of herself and a class of persons consisting of:

> All persons who work or have worked as an Apprentice and/or Assistant Manager and similar employees at Chipotle restaurants in Washington between April 25, 2011 and the date of final judgment in this matter (the "Washington Rule 23 Class").

171.    Excluded from the Washington Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Washington Rule 23 Class.

172.     The members of the Washington Rule 23 Class are so numerous that joinder of all members is impracticable.

173.     Upon information and belief, the size of the Washington Rule 23 Class is at least 50 individuals.  Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

174.     Defendants have acted or has refused to act on grounds generally applicable to the Washington Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Washington Rule 23 Class as a whole.

175.     Common questions of law and fact exist as to the Washington Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

(a)     whether Defendants violated Rev. Code Wash. §§49.46.005 *et seq*., and §§49.52.050 *et seq.*;

(b)     whether Defendants failed to compensate Plaintiff Higgs and the Washington Rule 23 Class for hours worked in excess of 40 hours per workweek;

(c)     whether Defendants misclassified Plaintiff Higgs and the Washington Rule 23 Class; and

(d)     the nature and extent of class-wide injury and the measure of damages for those injuries.

176.     The claims of Plaintiff Higgs are typical of the claims of the Washington Rule 23 Class she seeks to represent.

177.     Plaintiff Higgs and all of the Washington Rule 23 Class members work, or have worked, for Defendants as Apprentices at Chipotle.

178.     Plaintiff Higgs and the Washington Rule 23 Class members enjoy the same statutory rights under the Washington Wage Laws, including to be paid for all hours worked and

to be paid overtime wages.  Plaintiff Higgs and the Washington Rule 23 Class members have all sustained similar types of damages as a result of Defendant's failure to comply with the Washington Wage Laws.  Plaintiff Higgs and the Washington Rule 23 Class members have all been injured in that they have been under-compensated due to Defendants' common policies, practices, and patterns of conduct.

179.    Plaintiff Higgs will fairly and adequately represent and protect the interests of the members of the Washington Rule 23 Class.   Plaintiff Higgs understands that as class representative, she assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff Higgs recognizes that as class representative, she must represent and consider the interests of the class just as she would represent and consider her own interests. Plaintiff Higgs understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over the class.   Plaintiff Higgs recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff Higgs understands that in order to provide adequate representation, she must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiff Higgs has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff Higgs and the Washington Rule 23 members.

180.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.   The members of the Washington Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the Washington Wage Laws, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Washington Rule 23 Class members are not de

minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation.  The individual plaintiff lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

181.    This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

182.    Throughout their employment with Defendants, Plaintiffs and the members of the FLSA Collective, the New York Rule 23 Class, the Missouri Rule 23 Class, the Colorado Rule 23 Class, the Illinois Rule 23 Class, the North Carolina Rule 23 Class, and the Washington Rule 23 Class (collectively "Class Members") consistently worked more than 40 hours per week.

183.    Plaintiffs' duties were assigned to them by their superiors.

184.    Defendants were aware that Plaintiffs and the Class Members worked more than 40 hours per workweek, yet Defendants failed to pay overtime compensation for hours worked over 40 in a workweek.

185.    Defendants did not keep accurate records of hours worked by Plaintiffs or the Class Members.

186.    Plaintiffs' and Class Members' work hours are not recorded on paystubs.

187.    Defendants did not require Plaintiffs or the Class Members to clock in or out, or otherwise record their time.

188.    Plaintiffs and the Class Members' primary duties were routine, non-exempt tasks

including, but not limited to:

      a.  greeting customers;

      b.   serving customers,

      c.  grilling and preparing food; and

      d.  operating the cash register.

189.    Plaintiffs and Class Members spent the majority of their time serving customers, working on the assembly line, and performing the same or similar tasks to hourly non-exempt employees.

190.    Plaintiffs and Class Members' duties did not differ substantially from the duties of hourly non-exempt employees.

191.    Plaintiffs and Class Members' primary job duties as Apprentices did not include:

      a.  Hiring;

      b.  Firing;

      c.  Making recommendations for hiring, firing, or other employment decisions;

      d.  Scheduling; or

      e.  Disciplining other employees.

192.    Plaintiffs' and the Class Members' primary duty was not directly related to Defendants or Defendants' customers' management or general business operations.

193.    Plaintiffs' and the Class Members' primary duty did not include the exercise of discretion or independent judgment regarding matters of significance.

194.    In that regard, Plaintiffs:

      a.  were not involved in planning Defendants' long or short term business objectives;

b. could not formulate, affect, implement or interpret Defendants' management policies or operating practices;

c. did not carry out major assignments that affected Defendants' business operations;

d. did not have authority to commit Defendants' in matters that have significant financial impact; and

e. could not waive or deviate from Defendants' established policies or procedures without prior approval.

195. Plaintiffs' primary duties were manual in nature.

196. The performance of manual labor duties occupied the majority of Plaintiffs' working hours.

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**

197. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

198. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Class and Collective Action Complaint.

199. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

200. At all relevant times, Chipotle employed Plaintiffs and the FLSA Collective.

201. The overtime wage provisions set forth in §§ 201 et seq. of the FLSA apply to Defendants.

202. At all relevant times, Chipotle has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

203. At all times relevant, Plaintiffs and the FLSA Collective were employees within

the meaning of 29 U.S.C. §§ 203(e) and 207(a).

204.    Defendants have failed to pay Plaintiffs and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

205.    Chipotle's violations of the FLSA, as described in this Class and Collective Action Complaint, have been willful and intentional.

206.    Chipotle has not made a good faith effort to comply with the FLSA with respect to its' compensation of Plaintiffs and the FLSA Collective.

207.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

208.    As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 et seq.

209.    As a result of the unlawful acts of Defendants, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### New York Labor Law – Unpaid Overtime
**(Brought on behalf of Plaintiff Scott and the members of the New York Rule 23 Class)**

210.    Plaintiff Scott realleges and incorporates by reference all allegations in all preceding paragraphs.

211.    Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class and Collective Action Complaint.

212.    At all times relevant, Plaintiff Scott and the members of the New York Rule 23 Class have been employees and Chipotle has been their employer within the meaning of the

NYLL.

213.    Plaintiff Scott and the New York Rule 23 Class are covered by the NYLL.

214.    Chipotle employed Plaintiff Scott and the New York Rule 23 Class as an employer.

215.    Chipotle has failed to pay Plaintiff Scott and the members of the New York Rule 23 Class overtime wages to which they are entitled under the NYLL Article 19 §§ 650 et seq., and the supporting New York State Department of Labor Regulations.

216.    Chipotle failed to pay Plaintiff Scott and the members of the New York Rule 23 Class overtime at a wage rate of one and one-half times their regular rate of pay.

217.    Chipotle failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Scott and the members of the New York Rule 23 Class.

218.    Chipotle's violations of the NYLL, as described in this Class and Collective Action Complaint, have been willful and intentional.

219.    Due to Chipotle's violations of the NYLL, Plaintiff Scott and the members of the New York Rule 23 Class are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6 § 198, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
**Missouri Labor Law – Unpaid Overtime**
**(Brought on behalf of Plaintiff Ensor and the members of the Missouri Rule 23 Class)**

220.    Plaintiff Ensor realleges and incorporates by reference all allegations in all preceding paragraphs.

221.    Plaintiff Ensor brings this count as a Rule 23 class action on behalf of himself and a class of similarly situated Missouri employees.

222.     Defendants engaged in a widespread pattern, policy, and practice of violating the MLL, as detailed in this Class and Collective Action Complaint.

223.     Defendants violated Missouri law, in relevant part, by failing to pay overtime to Plaintiff Ensor and similarly situated employees as required by MLL Rev. Stat. § 290.502 and § 290.505.

224.     At all times relevant, Plaintiff Ensor and the members of the Missouri Rule 23 Class have been employees and Defendants have been their employer within the meaning of the MLL.

225.     Plaintiff Ensor and the Missouri Rule 23 Class are covered by the MLL.

226.     Defendants employed Plaintiff Ensor and the Missouri Rule 23 Class as an employer.

227.     Plaintiff Ensor and similarly situated employees are entitled to recover unpaid wages, liquidated damages in an amount equal to their compensatory damages, attorneys' fees, and costs, and pre-judgment and post-judgment interest pursuant to MLL Rev. Stat. § 290.527.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
**(Brought on behalf of Plaintiff Scott and the members of the New York Rule 23 Class)**

228.     Plaintiff Scott realleges and incorporates by reference all allegations in all preceding paragraphs.

229.     Defendants willfully failed to pay Plaintiff Scott and the members of the New York Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

230.    By Defendants' failure to pay Plaintiff Scott and the members of the New York Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, and the supporting New York State Department of Labor regulations, 12 NYCRR 146-1.6.

231.    Due to Defendants' violations of the NYLL, Plaintiff Scott and the members of the New York Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

### FIFTH CAUSE OF ACTION
**Colorado Wage Laws – Unpaid Overtime**
**(Brought on behalf of Plaintiff Medina and the members of the Colorado Rule 23 Class)**

232.    Plaintiff Medina realleges and incorporates by reference all allegations in all preceding paragraphs.

233.    Plaintiff Medina brings this count as a Rule 23 class action on behalf of himself and a class of similarly situated Colorado employees.

234.    Defendants violated Colorado law, in relevant part, by failing to pay overtime to Plaintiff Medina and similarly situated employees as required by the Colorado Wage Laws.

235.    At all times relevant, Plaintiff Medina and the members of the Colorado Rule 23 Class have been employees and Defendants have been their employer within the meaning of the Colorado Wage Laws.

236.    Plaintiff Medina and the Colorado Rule 23 Class are covered by the Colorado Wage Laws.

237.    Defendants employed Plaintiff Medina and the Colorado Rule 23 Class as an employer.

238.    Plaintiff Medina and similarly situated employees are entitled to recover unpaid

wages, liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest, as provided by law.

### SIXTH CAUSE OF ACTION
**Illinois Wage Laws – Unpaid Overtime**
**(Brought on behalf of Plaintiffs Jimenez and Gateley and the members of the Illinois Rule 23 Class)**

239.    Plaintiffs Jimenez and Gateley reallege and incorporates by reference all allegations in all preceding paragraphs.

240.    Plaintiffs Jimenez and Gateley bring this count as a Rule 23 class action on behalf of themselves and a class of similarly situated Illinois employees.

241.    Defendants engaged in a widespread pattern, policy, and practice of violating the Illinois Wage Laws, as detailed in this Class and Collective Action Complaint.

242.    Defendants violated Illinois law, in relevant part, by failing to pay overtime to Plaintiffs Jimenez and Gateley and similarly situated employees as required by including the Illinois Wage Laws, including Illinois Minimum Wage Law, 820 Ill. Comp. Stat. §105/1, et seq., the Illinois Wage Payments and Collections Act, 820 Ill. Comp. Stat. §§ 115/1, et seq., and their implementing regulations, 56 Ill. Admin. Code §§ 210.100 through 300.850.

243.    At all times relevant, Plaintiffs Jimenez and Gateley and the members of the Illinois Rule 23 Class have been employees and Defendants have been their employer within the meaning of the Illinois Wage Laws.

244.    Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class are covered by the Illinois Wage Laws.

245.    Defendants employed Plaintiffs Jimenez and Gateley and the Illinois Rule 23 Class as an employer.

246.    Chipotle failed to keep, make, preserve, maintain, and furnish accurate records of

time worked by Plaintiffs Jimenez and Gateley and the members of the Illinois Rule 23 Class.

247.    Plaintiffs Jimenez and Gateley and similarly situated employees are entitled to recover unpaid wages, reasonable attorneys' fees and costs of the action, penalty payments, and interest.

## SEVENTH CAUSE OF ACTION
### North Carolina Wage Laws – Unpaid Overtime
### (Brought on behalf of Plaintiff Parker and the members of the North Carolina Rule 23 Class)

248.    Plaintiff Parker realleges and incorporates by reference all allegations in all preceding paragraphs.

249.    Plaintiff Parker brings this count as a Rule 23 class action on behalf of herself and a class of similarly situated North Carolina employees.

250.    Defendants engaged in a widespread pattern, policy, and practice of violating the North Carolina Wage Laws, as detailed in this Class and Collective Action Complaint.

251.    Defendants violated North Carolina law, in relevant part, by failing to pay overtime to Plaintiff Parker and similarly situated employees as required by N.C. Gen. Stat. § 95-25.1, et seq.

252.    At all times relevant, Plaintiff Parker and the members of the North Carolina Rule 23 Class have been employees and Defendants havebeen their employer within the meaning of the N.C. Gen. Stat. § 95-25.2(5).

253.    Plaintiff Parker and the North Carolina Rule 23 Class are covered by the North Carolina Wage Laws.

254.    Defendants employed Plaintiff Parker and the North Carolina Rule 23 Class as an employer within the meaning of N.C. Gen. Stat. § 95-25.2(4).

255.    Chipotle failed to keep, make, preserve, maintain, and furnish accurate records of

time worked by Plaintiff Parker and the members of the North Carolina Rule 23 Class.

256.    At all relevant times, Chipotle had a policy and practice of willfully failing and refusing to pay overtime to Parker and the members of the North Carolina Class.

257.    Plaintiff Parker and similarly situated employees are entitled to recover unpaid wages, punitive damages, interest, liquidated damages, attorneys' fees, and costs, and such other legal and equitable relief from Chipotle's unlawful and willful conduct as the Court deems just and proper.

**EIGHTH CAUSE OF ACTION**
**Washington Wage Laws – Unpaid Overtime**
**(Brought on behalf of Plaintiff Higgs and the members of the Washington Rule 23 Class)**

258.    Plaintiff Higgs realleges and incorporates by reference all allegations in all preceding paragraphs.

259.    Plaintiff Higgs brings this count as a Rule 23 class action on behalf of herself and a class of similarly situated Washington employees.

260.    Defendants engaged in a widespread pattern, policy, and practice of violating the Washington Wage Laws, as detailed in this Class and Collective Action Complaint.

261.    Defendants violated Washington law, in relevant part, by failing to pay overtime to Plaintiff Higgs and similarly situated employees as required by Washington's Minimum Wage Act, Rev. Code Wash. §§49.46.005, et seq.

262.    At all times relevant, Plaintiff Higgs and the members of the Washington Rule 23 Class have been employees and Defendants have been their employer within the meaning of the Washington Wage Laws.

263.    Plaintiff Higgs and the Washington Rule 23 Class are covered by the Washington Wage Laws.

264.    Defendants employed Plaintiff Higgs and the Washington Rule 23 Class as an employer.

265.    Chipotle failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff Higgs and the members of the Washington Rule 23 Class.

266.    Chipotle's violations of the Washington Wage Laws, as described in this Class and Collective Action Complaint, have been willful and intentional.

267.    Plaintiff Higgs and similarly situated employees are entitled to recover unpaid wages, reasonable attorneys' fees and costs, double damages, and interest.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all Apprentices and similarly situated employees who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Chipotle.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.    Unpaid overtime wages and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.    Certification of the state law claims case as class actions pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.      Designation of Plaintiffs as Class Representatives and counsel of record as Class Counsel;

E.      Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the appropriate state laws;

F.      Unpaid overtime pay, spread-of-hours pay, and liquidated damages permitted by law pursuant to the NYLL;

G.      Unpaid overtime pay and liquidated damages permitted by law pursuant to the MLL;

H.      Unpaid overtime pay, liquidated damages, and pre-judgment and post-judgment interest permitted by law pursuant to the Colorado Wage Laws;

I.      Unpaid overtime pay, interest, and other penalties permitted by law pursuant to the Illinois Wage Laws;

J.      Unpaid overtime pay, punitive damages, interest, and liquidated damages permitted by law pursuant to the North Carolina Wage Laws;

K.      Unpaid overtime and double damages permitted by law pursuant to the Washington Wage Laws;

L.      Prejudgment and post-judgment interest;

M.      An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein;

N.      Reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover wages for Class Members and for the risks they took in doing so;

O.      Reasonable attorneys' fees and costs of the action; and

     P.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       February 10, 2015

                           Respectfully submitted,

_____
Justin Swartz

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Ossai Miazad
Melissa L. Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**
Joseph A. Fitapelli
Brian S. Schaffer
Frank J. Mazzaferro
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz, *pro hac vice*
Keith M. Stern, *pro hac vice*
1515 S. Federal Hwy
Boca Raton, Florida 33432
Telephone: (561) 447-8888

*Attorneys for Plaintiffs and
the Putative Class*