**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

May 12, 2015

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square
New York, NY 10007

Re:   *Scott v. Chipotle Mexican Grill, Inc.*; 12-CV-8333 (ALC) (SN)

Dear Judge Netburn:

We represent Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (together, "Chipotle"). We submit this letter in accordance with the Court's Order dated May 6, 2015 seeking dismissal with prejudice of the claims of 66 Opt-In Plaintiffs that failed to participate in discovery despite repeated warnings from the Court and 11 Opt-In Plaintiffs that requested to withdraw from this lawsuit.

**THE CLAIMS OF THE 66 UNRESPONSIVE OPT-IN PLAINTIFFS SHOULD BE DISMISSED WITH PREJUDICE**

The claims of the 66 Opt-Ins who failed to participate in discovery should be dismissed with prejudice. Chipotle discussed, in detail, the cases appropriately dismissing the claims of unresponsive opt-in plaintiffs with prejudice pursuant to Federal Rules 41(b) and 37(b) in its November 18, 2014 letter and will not burden the Court with repetition here.[1] See Docket No. 822 (citing Johnson v. Wave Comm. GR LLC, 2013 WL 992511 (N.D.N.Y. Jan. 29, 2013); Enriquez v. Cherry Hill Market Corp., 2012 WL 6641650 (E.D.N.Y. Oct. 22, 2012); Savage v. Unite Here, 2007 WL 1584206 (S.D.N.Y. May 31, 2007); Seever v. Carrols Corp., 528 F. Supp. 2d 159 (W.D.N.Y. 2007)). Chipotle highlighted Gordon v. Kaleida Health, 2013 WL 2250431 (W.D.N.Y. May 21, 2013) given its factual similarity and the number of affected opt-ins, and its reasoning together with those of the other cited opinions control with even greater force now given the unsuccessful efforts of Plaintiffs' Counsel and the Court to secure compliance as set forth below.

First, each of the unresponsive Opt-Ins has been willfully non-compliant in discovery and with Court Orders. The Court warned the unresponsive Opt-Ins that their failure to participate in discovery would potentially result in dismissal of their claims with prejudice on four occasions:

> As an Opt-In Plaintiff, you were specifically advised that you "may be asked to provide documents, to sit for a deposition and/or testify at trial." The parties have selected you to participate in discovery…If you fail to contact Plaintiffs' Counsel, your claims may be dismissed…and if such dismissal is with prejudice, you may be prevented from pursuing these claims against Chipotle at a later date.

---

[1] For reference, Courts consider: (i) the willfulness of the non-compliant party or the reason for non-compliance; (ii) the efficacy of lesser sanctions; (iii) the duration of the period of non-compliance; and (iv) whether the non-compliant party has been warned of the consequences of non-compliance. See, e.g., World Wide Polymers, Inc. v. Shinkong Synthetic Fibers Corp., 694 F.3d 155, 159 (2d Cir. 2012).

**SheppardMullin**

May 12, 2015
Page 2

See Docket Nos. 825, 836, 904, 930.  Each of the 66 unresponsive Opt-Ins either ignored this directive or voluntarily chose to accept the consequences outlined by the Court.  In their November 18 letter, Plaintiffs concluded, without support, that there was no evidence of willfulness or bad faith.  See Docket No. 824 at 3.  However, it is well-settled that warnings from the Court coupled with a prolonged period of non-compliance with discovery begets a finding of willfulness.  See Ruiz v. Citibank, N.A., 2014 WL 4635575 (S.D.N.Y. Aug. 19, 2014) (collecting cases).  Accordingly, this requirement is met.

Second, there are no "lesser sanctions" short of dismissal with prejudice that are appropriate or even available.  The Court already directed Plaintiffs' Counsel to communicate with their unresponsive clients and issued four Orders directed at the unresponsive Opt-In Plaintiffs as an alternative to dismissal.  These efforts did not secure compliance.  Now, fact discovery is closed and the opportunity for unresponsive Opt-Ins to remedy their malfeasance is over.  Consequently, there is no "lesser sanction" available and dismissal with prejudice is fitting.

Third, the duration of non-compliance by the unresponsive Opt-Ins supports dismissal.  Discovery requests were served on the Opt-Ins on August 13, 2014, nearly nine-months ago.  The first Court Order requiring a response was issued on November 4, 2014, more than six months ago.  Fact discovery is now closed.  The Opt-In Plaintiffs' failure to, not just participate in discovery, but respond to their own counsel over this prolonged period supports dismissal with prejudice.  See, e.g., Agiwal v. Mid Island Mortg. Corp., 555 F.3d 298, 303 (2d Cir. 2009) (finding failure to respond over six-month period sufficient to support dismissal).

Fourth, the Court warned the unresponsive Opt-Ins that their failure to participate in discovery might result in dismissal of their claims with prejudice.  In fact, the Court warned them four times.  This factor, considered the "most critical," has prompted Courts in this Circuit to "repeatedly [uphold] dismissal as an appropriate sanction." Ruiz, 2014 WL 4635575, at *3.

Some Courts also consider whether a defendant suffers prejudice as a result of unresponsiveness.  See, e.g., Gordon, 2013 WL 2250431, at *4-6.  Plaintiffs devoted almost the entirety of their November 18 letter to this secondary consideration and argued that Chipotle is not prejudiced because it was able to substitute other Opt-Ins for deposition and discovery.  See Docket No. 824 at 3-4.  This argument ignores the fact that Chipotle was denied the opportunity to depose the Opt-Ins that it litigated for the right to select for strategic (and privileged) reasons.  As a result of the unresponsive Opt-Ins, Chipotle was forced to select deponents that it believed to be substantially less valuable to its defenses than those it initially selected on 66 independent occasions.  Chipotle has thus been denied discovery relevant not only to certification or summary judgment briefing, but which would inform which witnesses it will call at trial.  Moreover, Chipotle's counsel invested significant time in corresponding with Plaintiffs' Counsel and determining secondary selections at substantial cost.  Finally, the circumstances here are no different than in the litany of other cases that dismissed claims with prejudice upon an apparent finding that prejudice is all but presumed in these circumstances.  See, e.g., Ruiz, 2014 WL 4635575, at *3; Gordon, 2013 WL 2250431, at *4-6.

The cases Plaintiffs cite concerning prejudice do not support a different result.  Shamis v. Ambassador Factors Corp., 34 F. Supp. 2d 879 (S.D.N.Y. 1999), did not concern a collective action under the FLSA and addressed the propriety of dismissal of an entire action when the lead plaintiff failed to appear for deposition.  See id. at 887.  In Diaz v. Scores Holding Co., Inc., 2008 WL 7863502 (S.D.N.Y. May 9, 2008), the non-participating plaintiffs were two of the named plaintiffs and the Court noted that they had not been warned about the failure to participate, as the Court did four times here.  See id. at *6.  Finally, in Ayers v. SGS Control Svcs., Inc., 2007 WL 646326, at *13 (S.D.N.Y. Feb. 27, 2007), the Court similarly noted that the unresponsive plaintiffs had not been

**SheppardMullin**

May 12, 2015
Page 3

warned about their failure to participate and, in any event, the defendant was "satisfied" with the depositions it did have the opportunity to take. See id. at *13. Here, Chipotle had to return to the well on 66 occasions and proceeded with replacement Opt-Ins solely because it had no choice and not because it was pleased with the group that it had to settle for. Any argument by Plaintiffs that Chipotle was not prejudiced rests on a narrow and unilateral interpretation of the concept.

Plaintiffs also argued that if the Court were to dismiss the unresponsive Opt-In Plaintiffs, it should do so without prejudice. Plaintiffs referred the Court to two District of California cases in support of their argument. See Docket No. 824 at 4. Aside from the fact that these non-binding decisions stand in contrast to the "with prejudice" dismissals issued by Courts in the Second Circuit, a review of the cases reveals them to be wholly unpersuasive. In Cancilla v. Ecolab, Inc., 2014 WL 5471034, at *1 (N.D. Cal. Oct. 24, 2014), the Court merely enforced a stipulation between the parties. See id. at *1. In Cruz v. Dollar Tree Stores, Inc., 2011 WL 843956 (N.D. Cal. Mar. 8, 2011), the Court addressed the dismissal of Rule 23 "absentee class members" and not, as here, Opt-Ins that affirmatively elected to participate in the case and to participate in discovery. See id. at *4-5.

In sum, the Court should dismiss the claims of the unresponsive Opt-Ins with prejudice because: (i) each of the considerations under Rule 37 are satisfied; (ii) the present facts do not differ in any material way from those in a wealth of decisions dismissing claims with prejudice; (iii) it will serve to uphold the statutory opt-in process as outlined in 29 U.S.C. 216(b); (iv) it will preserve the integrity of the four Orders issued by this Court; (v) it will provide a disincentive to future litigants from using an opt-in's unresponsiveness as a tactical strategy to deny a defendant information from those that it deems most critical; and (vi) it will minimize the prejudice Chipotle suffered by being denied discovery from Opt-In Plaintiffs it selected for important (and privileged) reasons.

**THE CLAIMS OF THE 11 WITHDRAWING OPT-IN PLAINTIFFS SHOULD BE DISMISSED WITH PREJUDICE**

The 11 Opt-In Plaintiffs that have sought to withdraw their claims should be permitted to do so, but the Court should order the withdrawals to be with prejudice. Chipotle has not located any further authority beyond that cited in its November 18 letter and rests on the arguments set forth therein, in particular, the decision in Hinterberger v. Catholic Health Sys., 2013 WL 2250614 (W.D.N.Y. May 21, 2013) (dismissing with prejudice the claims of 61 unresponsive opt-in plaintiffs include those of 22 who requested to withdraw). If these Opt-Ins wished to press their claims, it was incumbent upon them to do so in this forum and to not deny Chipotle discovery to defend against their claims. It would upset the Section 216(b) process and impose upon the resources of both Chipotle and the Courts to allow them to withdraw their claims now and preserve their ability to reassert them again in the future.

Thank you for the Court's consideration of this matter.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:     All Counsel of Record (via ECF)