# SheppardMullin

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

May 29, 2015

**VIA ECF**

The Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square
New York, NY 10007

Re:   *Scott v. Chipotle Mexican Grill, Inc.*; 12-CV-8333 (ALC) (SN)

Dear Judge Netburn:

      We represent Chipotle Mexican Grill, Inc. and Chipotle Services, LLC (together, "Chipotle"). We submit this letter outside of the schedule established by the Court to address a critical issue related to Monty Moran's deposition, scheduled for June 2, 2015.[1] The parties met and conferred and were unable to resolve the issue.[2]

      On May 20, 2015, Plaintiffs served a notice of deposition for Mr. Moran together with a 30(b)(6) Notice in which Plaintiffs unilaterally, without prior notice, without permission from the Court, and in direct contravention of the text of Rule 30(b)(6), stated that they intended to take the "oral examination of [Chipotle] through its designated agent, Montgomery Moran" regarding three topics. *See* Ex. B. Plaintiffs designated Mr. Moran to provide testimony as the corporate representative concerning: (i) "[a]ll documents produced by Chipotle in this litigation that pertain to the work and report of Cinda Daggett; (ii) "[a]ll documents produced by Chipotle pursuant to the Court's March 27, 2015 Order; and (iii) "[t]he California Assistant Manager Project, Train-the-Trainer Support Materials, dated February 17, 2003." *See id*. There are three reasons why Plaintiffs should not be permitted to treat Mr. Moran as a 30(b)(6) witness.

      First, Rule 30(b)(6), by its plain terms, does not permit the party noticing a 30(b)(6) deposition to designate a witness, but instead entrusts that choice to the corporation alone. Specifically, the Rule provides:

> In its notice or subpoena, a party may name as the deponent a public or private corporation....and must describe with reasonable particularity the matters for examination. *The named organization must then designate* one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf

---

[1]    Plaintiffs indicated in an email earlier today that the parties mutually agreed to the extension of the status letters. Chipotle communicated that it agreed to the extension, except with regard to raising this issue, which Plaintiffs did not mention in their email. *See* Ex. A.

[2]    Plaintiffs agreed to withdraw the Notice designating Mr. Moran as a witness only with respect to Topics Nos. 1 and 2, but conditioned it on Chipotle agreeing in advance to producing a witness without information concerning the scope of a revised Topic description. Plaintiffs would not agree to withdraw the Notice designating Mr. Moran as a witness with respect to Topic No. 3. Plaintiffs' position is particularly troubling given the Court having ruled twice on this issue, discussed further below.

**SheppardMullin**

May 29, 2015
Page 2

FED. R. CIV. P. 30(b)(6). The matter is not subject to dispute: Plaintiffs do not have any right to select a Rule 30(b)(6) designee on behalf of Chipotle. See Wright, FED. PRAC. & PROC. § 2103 ("Because Rule 30(b)(6) imposes on the organization the obligation to select the individual witness, the party seeking discovery under that provision of the Rule is not permitted to insist that it choose a specific person to testify."). Indeed, even a Court is without the power to require a corporation to designate a specific person to appear as a 30(b)(6) witness. See, e.g., MPD Accessories, B.V. v. Urban Outfitters, Inc., 2013 WL 4399199, at *12 (S.D.N.Y. Aug. 13, 2013); see also Wultz v. Bank of China Ltd., 298 F.R.D. 91, 100 (S.D.N.Y. 2014). Chipotle has not designated Mr. Moran for this purpose and Plaintiffs are without the power to impose the same upon Chipotle.

Second, the Court already ruled that Plaintiffs are not entitled to a 30(b)(6) deposition concerning Topic 3, the California Documents. The Court agreed that Chipotle was under no obligation to produce a 30(b)(6) witness on the issue because Chipotle was unable to locate any witness with relevant knowledge, a representation made to the Court numerous times. In fact, the Court ruled on this issue twice, the second time during the April 14, 2015 Conference when Plaintiffs raised it again. Chipotle even made two former Human Resources employees available to Plaintiffs for interview, and they too confirmed that they did not have any knowledge. The Court directed the parties to enter into a stipulation on the issue as an alternative to a deposition, with Chipotle agreeing that the documents were authentic and that the documents reflected the reasons for the California decision. Plaintiffs' attempt to evade the Court's Order, by raising this issue a third time, and seeking to do so in connection with the deposition of Chipotle's Co-CEO, is improper.

Third, Plaintiffs briefed the factual matters and issues that they believed supported their ability to depose Chipotle's Co-CEO. See Docket Nos. 873, 877. Plaintiffs did not reference any of the matters now subject of their Rule 30(b)(6) Notice, which appear to have been invented to impose upon Mr. Moran and impede preparation efforts.[3] Stated differently, Plaintiffs leveraged the resources of the Court to obtain permission to depose Mr. Moran and, with that door opened over Chipotle's objections, now seek to trample over the reasons offered to the Court and the scope of the Court's Order on this issue.

The Federal Rules and the Court's prior Order concerning the California documents are so clear on these issues that Plaintiffs' tactic cannot be understood as being anything other than an improper attempt to impose upon Chipotle and its highest executive. Plaintiffs' approach puts a fine point on the argument Chipotle pressed all along: that the entire enterprise was merely designed to harass, burden and/or embarrass Chipotle and its highest executive. In light of the foregoing, the Court should disallow Plaintiffs from taking Mr. Moran's deposition. In the absence of such an Order, Mr. Moran will appear for deposition on June 2, 2015. Chipotle nevertheless requests that the Court prohibit Plaintiffs from raising the 30(b)(6) issue with Mr. Moran or counsel or attempting to treat him as such.[4] In the event the Court prefers a full Motion for a Protective Order, Chipotle will

---

[3] Plaintiffs submitted various documents in support of their application to the Court in camera, denying Chipotle the opportunity to fully respond to the reasons underlying Plaintiffs' request. However, the Court did not reference any of these issues in its Order ultimately granting Plaintiffs' request for the deposition.

[4] This is only the second deposition Plaintiffs have sought to record by video. Chipotle has no doubt that Plaintiffs intend to engage in tactics designed to create issues extraneous to anything relevant in this case in front of Chipotle's CEO. Chipotle also expects that Plaintiffs will raise this matter on the record to prompt a dispute to artificially substantiate a request for more time with Mr. Moran than the four-hours allowed by the Court. Accordingly, it is important to resolve the matter prior to the deposition.

**SheppardMullin**

May 29, 2015
Page 3

readily prepare the same, but asks that the relief requested herein be granted so that the deposition is not disrupted.

    Thank you for the Court's attention to this matter. Should Your Honor have any questions, please do not hesitate to contact us.

                                      Respectfully submitted,

                                      /s/ Brian D. Murphy

                                      Brian D. Murphy
                                      for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:     All Counsel of Record (via ECF)

# EXHIBIT A

# Brian Murphy

| | |
|---|---|
| From: | Lisa Lewis |
| Sent: | Thursday, May 28, 2015 4:46 PM |
| To: | Stewart, Melissa; Swartz, Justin |
| Cc: | Brian Murphy; Lou Grossman (lgrossman@messner.com) |
| Subject: | RE: 12cv08333 Scott v. Chipotle Mexican Grill, Inc. |

Melissa,

We agree to push the letter and conference deadlines as you proposed below with regard to all issues except our anticipated motion for a protective order relating to the 30(b)(6) notice that Plaintiffs served in connection with Monty Moran's deposition. To the extent that Plaintiffs will not agree to withdraw the 30(b)(6) notice as requested in my earlier email, we believe that the motion for protective order needs to be resolved with the Court before the deposition on Tuesday. However, we agree that any other issues can be pushed to allow the parties more time to negotiate.

Lisa


Lisa Lewis
212.634.3046 | direct
212.655.1746 | direct fax
lmlewis@sheppardmullin.com | Bio

## SheppardMullin
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 | main
www.sheppardmullin.com

---

**From:** Stewart, Melissa [mailto:mstewart@outtengolden.com]
**Sent:** Thursday, May 28, 2015 1:26 PM
**To:** Lisa Lewis; Swartz, Justin
**Cc:** Brian Murphy; Lou Grossman (lgrossman@messner.com)
**Subject:** RE: 12cv08333 Scott v. Chipotle Mexican Grill, Inc.

Hi Lisa,

Tuesday does not work for us because we will be in the middle of Mr. Moran's deposition in Denver. We would like to write to the Court and propose that we push back the letter and conference deadlines by a few days to allow the parties more time to negotiate and exchange information. Do you consent to this request? If so, we propose that the letter be due on the normal Thursday/Friday schedule next week, and the conference be scheduled for the following Monday/Tuesday at a time convenient for the Court. Please let me know.

Thanks,

Melissa

Melissa Lardo Stewart
Outten & Golden LLP

1

Advocates for Workplace Fairness
3 Park Avenue, 29th Floor
New York, NY 10016
Tel:  (212) 245-1000
eFax: (347) 390-2186
www.outtengolden.com

This e-mail and any attachments are confidential and are intended solely for the use of the addressee(s).  This communication may contain material that is protected by the attorney-client privilege or other privileges or doctrines.  If you are not the addressee or an addressee's agent, you may not use, disseminate, forward, print, or copy this e-mail; doing so may violate the addressee's rights.  If you have received this e-mail in error, please notify us immediately by e-mail, og@outtengolden.com, or by telephone, 212-245-1000.  Thank you.

---

**From:** Lisa Lewis [mailto:lmlewis@sheppardmullin.com]
**Sent:** Wednesday, May 27, 2015 1:04 PM
**To:** Stewart, Melissa; Swartz, Justin
**Cc:** Brian Murphy; Lou Grossman (lgrossman@messner.com)
**Subject:** FW: 12cv08333 Scott v. Chipotle Mexican Grill, Inc.

Counsel,

We are not available on Monday, but could do the Tuesday time offered by the Court.

Lisa

Lisa Lewis
212.634.3046 | direct
212.655.1746 | direct fax
lmlewis@sheppardmullin.com | Bio

**SheppardMullin**
Sheppard Mullin Richter & Hampton LLP
30 Rockefeller Plaza
New York, NY 10112-0015
212.653.8700 | main
www.sheppardmullin.com


**From:** Geoffrey_Wertime@nysd.uscourts.gov [mailto:Geoffrey_Wertime@nysd.uscourts.gov] **On Behalf Of** Netburn_NYSDChambers@nysd.uscourts.gov
**Sent:** Wednesday, May 27, 2015 12:29 PM
**To:** arodriguez@fslawfirm.com; bschaffer@fslawfirm.com; fmazzaferro@fslawfirm.com; gshavitz@shavitzlaw.com; jfitapelli@fslawfirm.com; jms@outtengolden.com; eqitiq@fslawfirm.com; kstern@shavitzlaw.com; mstewart@outtengolden.com; nsunshine@outtengolden.com; omiazad@outtengolden.com; pmollica@outtengolden.com; anitka@messner.com; asmith@messner.com; Brian Murphy; bmontoya@messner.com; jcmazzola@messner.com; jshunk@messner.com; Lisa Lewis; lgrossman@messner.com; Richard Simmons; sevans@messner.com
**Subject:** 12cv08333 Scott v. Chipotle Mexican Grill, Inc.

Counsel,

In light of yesterday's phone conference, the parties' weekly status letters may be submitted before 9 a.m. on Monday, June 1, 2015. The Judge could hold a phone conference on Monday, June 1, 2015 at 3 p.m. or Tuesday, June 2, at 1 p.m.

Please confer amongst yourselves and inform the Court of the parties' preferred time by the close of business today,

2

Wednesday.

Thank you,

Geoffrey Wertime
Law Clerk for the Hon. Sarah Netburn
Southern District of New York
40 Foley Square, Room 430
(212) 805-0286

Attention: This message is sent by a law firm and may contain information that is privileged or confidential. If you received this transmission in error, please notify the sender by reply e-mail and delete the message and any attachments.

# EXHIBIT B

| | |
|---|---|
| **FITAPELLI & SCHAFFER, LLP**<br>Brian S. Schaffer<br>Frank J. Mazzaferro<br>475 Park Avenue South, 12th Floor<br>New York, New York 10016<br>Telephone: (212) 300-0375 | **SHAVITZ LAW GROUP, P.A.**<br>Gregg I. Shavitz, admitted *pro hac vice*<br>Keith M. Stern, admitted *pro hac vice*<br>1515 S. Federal Highway, Suite 404<br>Boca Raton, Florida 33432<br>Telephone: (561) 447-8888 |

**OUTTEN & GOLDEN LLP**
Justin M. Swartz
Melissa L. Stewart
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAXCIMO SCOTT, JAY ENSOR, MATTHEW MEDINA, EUFEMIA JIMENEZ, KRYSTAL PARKER, STACY HIGGS, and CHRISTINA JEWEL GATELEY on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC., and CHIPOTLE SERVICES, LLC,<br><br>Defendant. | No. 12 Civ. 8333 (ALC)(SN)<br><br>**NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(b)(6)** |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs will take the deposition upon oral examination of Chipotle Mexican Grill, Inc. and Chipotle Services, LLC ("Chipotle"), through its designated agent, Montgomery Moran ("Moran"), regarding the topics set forth in Exhibit A.

The deposition will be taken concurrently with Moran's deposition in his personal capacity, on June 2, 2015, at 11:00 a.m. Mountain Time, at the offices of Agren Blando Court Reporting, 216 16th Street, Suite 600, Denver, CO 80202. The deposition will be taken before a notary public authorized to administer oaths, will be recorded by video and stenographically, and

will continue from day to day, Saturdays, Sundays, and holidays excepted, until completed.

Dated: New York, New York  
      May 28, 2015

Respectfully submitted,

**OUTTEN & GOLDEN LLP**  
By:

/s/ Justin M. Swartz  
Justin M. Swartz

Justin M. Swartz  
Melissa L. Stewart  
3 Park Avenue, 29th Floor  
New York, New York 10016  
Telephone: (212) 245-1000

**FITAPELLI & SCHAFFER, LLP**  
Brian S. Schaffer  
Frank J. Mazzaferro  
475 Park Avenue South, 12th Floor  
New York, New York 10016  
Telephone: (212) 300-0375

**SHAVITZ LAW GROUP, P.A.**  
Gregg I. Shavitz, admitted *pro hac vice*  
Keith M. Stern, admitted *pro hac vice*  
1515 S. Federal Highway  
Boca Raton, Florida 33432  
Telephone: (561) 447-8888

*Attorneys for Plaintiffs*

2

## Exhibit A

<u>Topic One</u>: All documents produced by Chipotle in this litigation that pertain to the work and report of Cinda Daggett.

<u>Topic Two</u>: All documents produced by Chipotle pursuant to the Court's March 27, 2015 Order (ECF No. 942).

<u>Topic Three</u>: The California Assistant Manager Project, Train-the-Trainer Support Materials, dated February 17, 2003, bates stamped CMG-5574 (PAPER) 14253 - 14290.

3