UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

MAXCIMO SCOTT and JAY ENSOR, et al., on
behalf of themselves and all others similarly situated,

                                Plaintiffs,

    -against-

CHIPOTLE MEXICAN GRILL INC.,

                                Defendant.

-------------------------------------------------------------- x

2-1-16

12-CV-8333 (ALC)

**OPINION
& ORDER**

**ANDREW L. CARTER, JR., District Judge:**

Plaintiffs Maxcimo Scott and other class representatives brought this action against Defendants Chipotle Mexican Grill Inc. alleging violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), and class action claims under the New York Minimum Wage Act, N.Y. Lab. Law, art. 6 §§ 190, et seq., art. 19 §§ 650, *et seq.* ("NYLL"), as well as similar state laws in Missouri, Colorado, Washington, Illinois, and North Carolina.

During discovery, a number of opt-in plaintiffs did not respond to the Court's orders to participate in discovery and another group of plaintiffs expressed their desire to withdraw from this action. In motions submitted to the Court, plaintiffs requested that the unresponsive plaintiffs either should not be dismissed or should be dismissed without prejudice. Furthermore, they argued that the withdrawing plaintiffs should be allowed to withdraw their claims without prejudice. Chipotle argued that the unresponsive plaintiffs should be dismissed with prejudice under Federal Rules of Civil Procedure 37(b)(2) for failure to comply with discovery and 41(b) for failure to prosecute. It also argued that the withdrawing plaintiffs' claims should be dismissed with prejudice.

On July 31, 2015, Magistrate Judge Sarah Netburn issued a precise and thorough Report

and Recommendation ("R & R" or "Report") evaluating these arguments. ECF No. 1005. The Report recommended that the defendants' motion be granted in part and denied in part. Namely, it recommended that the unresponsive plaintiffs' FLSA claims be dismissed with prejudice; that the withdrawing plaintiffs' motion be granted and that their FLSA Claims be dismissed without prejudice and tolled for 60 days following dismissal; and that all of these plaintiffs' rights to participate in the Rule 23 state law class actions be preserved.

Following the issuance of the Report, plaintiffs' counsel reached out to the unresponsive plaintiffs and, in response, eleven of them expressed a desire to preserve their claims.[1] ECF No. 1006. Judge Netburn advised the plaintiffs to draft any arguments in support of these eleven plaintiffs in an objection. ECF No. 1010. This was the logical solution since the Report precipitated their appearance and since the recommendations were formed before any of the plaintiffs reasserted their interest in the case. Plaintiffs then filed a timely objection challenging the Report's recommendation to dismiss the claims of these plaintiffs with prejudice. ECF No. 1011. For the reasons set forth below, I adopt in part and modify in part the Report and Recommendation.

The Court may accept, reject, or modify, in whole or part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the R & R, the Court must make a *de novo* determination of those portions of the R & R to which objections are made, but may accept uncontested portions so long as those portions are not "clearly erroneous." *Id.*; *see also Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009).

As an initial matter, the district court has discretion in determining whether a plaintiff's claims should be dismissed for failure to prosecute. *Jenkins v. City of New York*, 176 F.R.D.

---

[1] The names of these plaintiffs are: Joseph Rostyne, Jonathan Streetman, Tiara Hughes, Appolonia Perez, Michael Gomez, Andrew Paolinetti, Kalinda Flores, Jannelle Kirkwood, Marta Serrato, Shantelle Oliver, and Eric Lewis.

2

127, 128-29 (S.D.N.Y. 1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). The Second Circuit has recognized that a Rule 41(b) dismissal is a "harsh remedy [that] is appropriate only in extreme situations." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). Where the dismissal is with prejudice, it should be used only upon a finding "of willfulness, bad faith, or reasonably serious fault." *Mitchell v. Lyons Prof'l Servs., Inc.*, 708 F.3d 463, 467 (2d Cir. 2013) (internal citations omitted). Indeed, the dismissal "must be supported by clear evidence of misconduct." *Id.*

The situation before the Court is certainly a rare one. The nonresponsive plaintiffs in this FLSA class have reemerged after Magistrate Judge Netburn recommended dismissing their claims with prejudice. Additionally, they have submitted declarations explaining their failure to respond to the Court's orders and have indicated a willingness to participate in discovery in order to preserve their claims.

Defendant opposes plaintiffs' position and argues that the weight of the authority in the Second Circuit directs that claims be dismissed with prejudice under the present circumstances. This is an incorrect interpretation of the law. In *Shannon v. General Electric Co.*, the Second Circuit noted that when reviewing whether a district court's decision to dismiss an action for failure to prosecute is an abuse of its discretion, the Court of Appeals must examine:

> [1] [T]he duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

186 F.3d 186, 193-94 (2d Cir. 1999) (citing *Nita v. Conn. Dep't of Envtl. Protection*, 16 F.3d 482, 485 (2d Cir. 1994)). District courts in this circuit have certainly relied on this test to determine whether dismissal is appropriate and to provide a *basis for dismissal*. However,

3

defendant does not point to any authority indicating that these factors compel a district court to dismiss an action with prejudice. *See U.S. ex rel. Drake v. Norden Systems, Inc.*, 375 F.3d 248, 254 (2d Cir. 2004) ("We have . . . fashioned guiding rules that limit a trial court's discretion in this context out of recognition . . . that dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." (citations and quotation marks omitted)). This is especially the case where a plaintiff has reappeared and has been compliant with court orders following his or her return.[2]  In light of the fact that dismissal for failure to prosecute is a harsh remedy reserved for extreme situations, this Court does not find dismissal appropriate for the plaintiffs that have reasserted their interest in preserving their claims.

To be clear, an application of the Second Circuit's test would yield the same result since no one factor is dispositive and since the factors ultimately weigh in favor of granting the plaintiffs' objections.  The first and second factors are left unchanged by the plaintiffs' reemergence and still weigh in favor of dismissal.  The remaining three factors, however, all support a finding in favor of the plaintiffs.

The third factor asks the Court to consider the prejudice of further delay to the defendant. If the delay is unreasonable, prejudice may be presumed as a matter of law, *Drake*, 375 F.3d at 256, because "delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult," *Shannon*, 186 F.3d at 195.  However, this presumption "turns on the degree to which the delay was lengthy and inexcusable.  In cases where delay is more moderate or excusable, the need to show actual

---

[2] Defendant argues that *Gordon v. Kaleida Health*, No. 08-CV-378S(F), 2013 WL 2250506 (W.D.N.Y. May 21, 2013), is indistinguishable.  In that case, a number of plaintiffs did reassert their interest in prosecuting the case after receiving notice of defendants' motion. *Id.* at *3.  Specifically, they advised plaintiffs' counsel of their intention to provide discovery responses in order to avoid dismissal. *Id.*  However, the court ultimately dismissed these plaintiffs with prejudice *after* noting a continued failure to respond to the discovery requests. *Id.*

prejudice is proportionally greater." *Drake,* 375 F.3d at 256 (citations and quotation marks omitted).

The Court and the defendant expended valuable time and effort toward attempting to reach these plaintiffs.  Nonetheless, discovery continued as other plaintiffs were available to participate, and it cannot be said that the delay made trial more difficult in any meaningful way. In their declarations, nearly every plaintiff that has reemerged provides a reason for his or her failure to respond to the Court's orders.  While few of these explanations are extraordinary, this Court also notes the unique nature of a FLSA action where most of the plaintiffs appear to be "younger individuals who may be transient."  R & R at 14.  Moreover, the prejudice to the defendant is mostly circumscribed to its inability to conduct discovery on the nonresponsive plaintiffs.  Given that the plaintiffs have expressed a willingness to participate in discovery, this factor no longer weighs in favor of dismissal.

As to the fourth element, the Second Circuit has noted that "[t]here must be compelling evidence of an extreme effect on court congestion before a litigant's right to be heard is subrogated to the convenience of the court."  *Lucas,* 84 F.3d at 536.  Plaintiffs' failure to respond to each of the Court's orders is no small matter, but is ultimately one that is "silent and unobtrusive rather than vexatious and burdensome."  *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) ("[P]laintiff simply did not make submissions required by the court; he did not swamp the court with irrelevant or obstructionist filings.").  Once again, the facts before us – including the progress of the litigation in spite of the plaintiffs' failure to respond – suggest that the plaintiffs' interest in receiving a fair chance to be heard outweighs the management of the docket.  For this reason, this factor weighs in favor of the plaintiffs.

As to the final factor, it is evident that there is an effective sanction less drastic than

dismissal. Specifically, the threat of dismissal following Judge Netburn's Report has served as an impetus to the eleven plaintiffs that have resurfaced. Defendant has indicated that it would like to depose each of these plaintiffs and receive written discovery if their motion is denied. This discovery – limited to the merits of the action and excluding the facts surrounding plaintiffs' inactivity – is appropriate for the reasons mentioned above. Though, if any of the plaintiffs fail to participate in this discovery, it is difficult to envision how his or her claims may be preserved.

For the reasons outlined above, plaintiffs' limited objections to the R & R are granted. The parties have not filed objections to the remainder of the R & R. Having reviewed the portions of the R & R to which no objection was made, the Court finds no clear error in these portions. Accordingly, the Court adopts in part and modifies the Report and Recommendation.

Defendants' motion is granted in part and denied in part. With the exception of the eleven plaintiffs that objected to the R & R,[3] the unresponsive plaintiffs' FLSA claims are dismissed with prejudice. The withdrawing plaintiffs' motion is granted. Their FLSA Claims are dismissed without prejudice and tolled for 60 days following dismissal. All of these plaintiffs' rights to participate in the Rule 23 state law class actions are preserved.

**SO ORDERED.**

Dated:      New York, New York
            Ferbruary  1 , 2016

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

---

[3] *See supra* footnote 1.

6