

Advocates for Workplace Fairness

April 7, 2017

**Via ECF**
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

                **Re:**    *Scott v. Chipotle Mexican Grill, Inc.*, **No. 12 Civ. 8333 (ALC) (SN)**

Dear Judge Carter:

      We represent Plaintiffs in the above-referenced action. We write respectfully to request that the Court amend its March 29, 2017 Order to postpone the effective date of the dismissal of opt-in plaintiffs for 120 days. *See* ECF No. 1135 at 18-19. After being a part of this lawsuit for over three years, the 516 opt-in plaintiffs should be permitted sufficient time to decide how to proceed before their statutes of limitations begin to run anew.[1]

      "Upon decertification of the collective . . . it is critical to preserve opt-in plaintiffs' ability to timely file individual actions." *Sliger v. Prospect Mortg., LLC*, No. 11 Civ. 465, 2012 WL 6005711, at *3 (E.D. Cal. Nov. 30, 2012). A tolling period of 120 days is necessary to allow Plaintiffs' counsel sufficient time to adequately inform each of 516 individual opt-in plaintiffs of their legal rights and options. For each opt-in, Plaintiffs' counsel must explain the pros and cons of further litigation, and what it means to be a named plaintiff in a separate lawsuit. After these discussions, if opt-in plaintiffs decide to pursue additional litigation, Plaintiffs counsel will be required to draft individual retainers and complaints, evaluate venue options, and file suit, among other tasks.

      Courts routinely toll the claims of opt-in plaintiffs for comparable periods of time after dismissal. *See, e.g.*, *Cruz v. Dollar Tree Stores, Inc.*, No. 07 Civ. 2050, 2011 WL 843956, at *4 (N.D. Cal. Mar. 8, 2011) (after dismissing 89 collective members for failure to comply with discovery, tolling the statute of limitations for 120 days, "so that class members who wish to do so may pursue their individual claims"); *see also Lochridge v. Lindsey Mgmt. Co.*, No. 12 Civ. 5047, 2013 WL 12069066, at *5 (W.D. Ark. Dec. 10, 2013) (tolling claims of opt-ins for 90 days after decertification because "provision must be made for the non-named opt-in plaintiffs who would have fallen within that class, so that they will not be unfairly deprived of their chance to

---

[1]     On April 5, 2017, Plaintiffs requested Defendants' consent to this request to avoid unnecessary motion practice. On April 7, 2017, Defendants refused to agree to tolling.

**New York**  685 Third Avenue  25th Floor  New York, NY 10017  Tel (212) 245-1000   Fax (646) 509-2060
**Chicago**  161 N Clark Street  Suite 1600  Chicago, IL 60601  Tel (312) 809-7010   Fax (312) 809-7011
**San Francisco**  One Embarcadero Center  38th Floor  San Francisco, CA 94111  Tel (415) 638-8800   Fax (415) 638-8810
**Washington, DC**  601 Massachusetts Ave NW  Second Floor West Suite  Washington, DC 20001  Tel (202) 847-4400   Fax (202) 847-4410

www.outtengolden.com

Honorable Andrew L. Carter, Jr.
April 7, 2017
Page 2 of 2

present their claims"); *McCullers v. Dollar Tree Stores, Inc.*, No. 13 Civ. 163, 2013 WL 12159506, at *1 (M.D. Fla. May 8, 2013) (noting that in prior action where plaintiffs were opt-in plaintiffs, original district court decertified action and "tolled the statute of limitations for 90 days to permit individual opt-in Plaintiffs to file their own cases").

      This Court previously ordered 60 days of tolling for the claims of 11 opt-in plaintiffs who requested to be dismissed without prejudice from the litigation. *See* ECF No. 1005 at 20; ECF No. 1053 at 6. In its decision, the Court also noted the "unique nature of a FLSA action where most of the plaintiffs appear to be 'younger individuals who may be transient.'" ECF No. 1053 at 5. Given that Counsel must now contact and advise a much larger group of 516 potentially transient opt-in plaintiffs, an additional 60 days is warranted.

                              Respectfully submitted,

                              Justin M. Swartz

cc:     Counsel of record (via ECF)