**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

April 11, 2017

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

Re:   *Scott v. Chipotle Mexican Grill, Inc.*; 12-CV-8333 (ALC) (SN)

Dear Judge Carter:

We represent Defendants Chipotle Mexican Grill, Inc. and Chipotle Services, LLC ("Chipotle") in the above-referenced matter. We write in response to Plaintiffs' letter dated April 7, 2017 requesting that the claims of all former Opt-In Plaintiffs be tolled for 120 days from the date of the Court's March 29, 2017 Order decertifying the conditionally certified FLSA collective and denying Rule 23 class certification for six proposed state law classes. Plaintiffs' request should be denied for multiple reasons.

First, the decertification order and the simultaneous dismissal of the former Opt-Ins, albeit without prejudice, appears to divest this Court of jurisdiction concerning their claims and the propriety of tolling. *See, e.g., Atkinson v. TeleTech Holdings, Inc.*, 2015 WL 853234, at *8 (S.D. Ohio Feb. 26, 2015) (noting, in the converse situation, that a Court does not have jurisdiction to equitably toll the claims of opt-ins before they file a consent to participate). Instead, it would be more appropriate for any former Opt-Ins who file individual claims to advance any argument in favor of tolling before the Court hearing their claims. *See, e.g., Shomo v. Maher*, 2005 WL 743156, at n.12 (S.D.N.Y. Mar. 31, 2005) (noting that where a claim is dismissed without prejudice, it permits a plaintiff to argue that claims are timely as a matter of equity in any subsequently filed petition).

Second, Plaintiffs have not cited any New York cases supporting their request.[1] A review of this Court's docket in *Hernandez v. Fresh Diet, Inc.*, 2014 WL 5039431 (S.D.N.Y. Sept. 29, 2014), and the dockets in other New York decisions where collectives were decertified, such as *Stevens v. HMSHost Corp.*, 2013 WL 5202656 (E.D.N.Y. Sept. 13, 2013), *Tracy v. NVR, Inc.*, 293 F.R.D. 395 (W.D.N.Y. 2013), *Gardner v. Western Beef Props., Inc.*, 2013 WL 1629299 (E.D.N.Y. Mar. 25, 2013), *Harper v. GEICO, Inc.*, 2015 WL 9673810 (E.D.N.Y. Nov. 16, 2015), and *Ruiz v. Citibank, N.A.*, 93 F. Supp. 3d 279 (S.D.N.Y. 2015), does not reveal tolling after decertification to be a normal practice in New York.

---

[1]   In the first case Plaintiffs cite, the Court declined to order the limitations period tolled. *See Sliger v. Prospect Mortg., LLC*, 2012 WL 6005711, at *3 (E.D. Cal. Nov. 30, 2012).

**SheppardMullin**

April 11, 2017
Page 2

Third, tolling for an additional 120 days is plainly prejudicial to Chipotle. The claims of each of the former Opt-Ins have already been tolled for the approximately three years since each joined the conditionally certified collective in or around December 2013 and January 2014 and the date of the Court's Order. To the extent any individual claims are filed against Chipotle by any former Opt-Ins, Chipotle will already be faced with defending against stale claims with respect to which defense witnesses may no longer be available. Chipotle should not be forced to bear the disadvantage and prejudice of a tolling period of 120 additional days for 516 individuals who were not similarly situated with the Named Plaintiffs and were properly dismissed.

Fourth, Plaintiffs' request should be denied because of their delay in requesting the same. The Court's ruling was a foreseeable consequence for which preparations should have been made. The Opt-Ins themselves were advised in the Notice distributed to them in November 2013 that the Court might not rule in their favor and, presumably, Counsel to Plaintiffs communicated with each of them throughout the litigation. They should each already be on notice of the status of their claims and their responsibilities if they wish to pursue individual litigation. Chipotle should not be further prejudiced by any disinterest among Opt-Ins to remain aware of the litigation and its possible outcome or the failure of Counsel to keep them apprised of the possibility of dismissal and its consequences.

Finally, even if the Court were inclined to toll the limitations period, it should limit the tolling to a more reasonable 45 days as the Hon. Jed Rakoff ordered in *Zivali v. AT&T Mobility*, No. 08-CV-10310-JSR (S.D.N.Y. June 6, 2011) (Docket No. 187) and some other non-New York Courts have done. *See, e.g., Johnson v. Big Lots Stores, Inc.*, 2008 WL 11313313, at *1 (E.D. La. July 24, 2008) (45 days for 936 plaintiffs); *Proctor v. Allsups Convenience Stores, Inc.*, 2008 U.S. Dist. LEXIS 33707 (N.D. Tex. 2008) (30 days for collective of over 1,000 plaintiffs); *Reyes v. EZPawn, LP*, 2007 WL 101808 (S.D. Tex. 2007) (30 days); *Johnson v. TGF Precision Haircutters, Inc.*, 2005 WL 1994286 (S.D. Tex. 2005) (30 days).[2]

Thank you for the Court's consideration of this request. Should Your Honor have any questions, please do not hesitate to contact me.

Respectfully submitted,

/s/ Brian D. Murphy

Brian D. Murphy
for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

SMRH:482350695.1

cc:   All Counsel of Record

---

[2] The jurisdictional issue set forth at the outset of this letter does not appear to have been raised in any of these cases.