UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXCIMO SCOTT, JAY ENSOR,
MATTHEW MEDINA, EUFEMIA JIMENEZ,
KRYSTAL PARKER, STACY HIGGS, and
CHRISTINE GATELEY, on behalf of themselves
all others similarly situated

                  Plaintiff,

      -against-

CHIPOTLE MEXICAN GRILL, INC. and
CHIPOTLE SERVICES, LLC,

                  Defendants.

**ORDER**

**12-CV-8333 (ALC)(SN)**

**ANDREW L. CARTER, JR., District Judge:**

On March 29, 2017, the Court issued an opinion and order granting Defendant's motion for decertification of the collective action. *See* ECF No. 1135. On April 7, 2017, Plaintiffs' counsel filed a letter requesting that the Court equitably toll the statute of limitations for 120 days from the date of the Court's opinion on the Fair Labor Standards Act ("FLSA") claims. ECF No. 1138. Plaintiffs' counsel argued that tolling was necessary "to allow counsel sufficient time to adequately inform each of the 516 individual opt-in plaintiffs of their legal rights and options." *Id.* Counsel also argued, without citing support from this district, that courts "routinely" toll the claims of opt-in plaintiffs after dismissal. *Id.*

Defendant Chipotle opposed the tolling request. ECF No. 1139. Defendant argued that tolling would be improper, because Plaintiffs should already be on notice of the status of their claims and responsibilities. *Id.* Defendant also argued that tolling would be prejudicial because Chipotle is already faced with the possibility of defending itself against stale claims if the individual Plaintiffs pursue them. *Id.*

In Rule 23 class actions and § 216(b) collective actions, the statute of limitations resumes after a court's determination to decertify a class. § 1807 Collective Actions Under the Fair Labor Standards Act, 7B Fed. Prac. & Proc. Civ. § 1807 (3d ed.). In order to avoid prejudice to opt-in plaintiffs, Courts may invoke equity powers to toll the statute of limitations in FLSA collective actions that have been decertified. *See Cruz v. Dollar Tree Stores, Inc.*, No. 07-cv-2050 (SC), 2011 WL 843956, at *8 (N.D. Cal. Mar. 8, 2011) (tolling opt-in plaintiffs' claims for 120 days); *Johnson v. Big Lots Stores, Inc.*, No. 04-cv-3201, 2008 WL 11313313, at *1 (E.D. La. July 24, 2008) (tolling the statute of limitations for 45 days after dismissal). Given the size and geographic scope of the class in this case, the Court finds that tolling is appropriate in order to avoid prejudice to individual plaintiffs who wish to file their claims. Accordingly, the statute of limitations should be tolled for a period of 90 days from March 29, 2017, the date of the Court's opinion and order. The Clerk of the Court is directed to terminate ECF No. 1138.

**SO ORDERED.**

**Dated:** April 18, 2017
New York, New York

_____
**ANDREW L. CARTER, JR.**
**UNITED STATES DISTRICT JUDGE**