USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 4/25/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAXCIMO SCOTT, JAY ENSOR,
MATTHEW MEDINA, EUFEMIA JIMENEZ,
KRYSTAL PARKER, STACY HIGGS, and
CHRISTINE GATELEY, on behalf of themselves all others similarly situated,

      Plaintiffs,

-v.-

CHIPOTLE MEXICAN GRILL, INC. and CHIPOTLE SERVICES, LLC,

      Defendants

12-CV-8333 (ALC)

**ORDER**

**ANDREW L. CARTER, JR., United States District Judge:**

  The Court denied Plaintiffs' motion for Rule 23 class certification and also decertified Plaintiffs' Fair Labor Standards Act ("FLSA") collective action in a Memorandum & Order ("Mem & Order") dated March 29, 2017. ECF No. 1135. On May 19, 2017, Plaintiffs sought leave from this Court for interlocutory review of that decision pursuant to 28 U.S.C. § 1292(b). ECF No. 1144. Chipotle opposed Plaintiffs' motion. ECF No. 1146. Plaintiffs also requested review from the Second Circuit pursuant to Rule23(f). *See* ECF No. 1135. On July, 18, 2017, the Second Circuit granted Plaintiffs' request for interlocutory review stating "an immediate appeal is warranted." *Id.* Thereafter, the parties' stipulated to stay this action until after the Second Circuit's review if the Court grants Plaintiffs' Section 1292(b) motion. ECF No. 1157.

  "The District Court may certify a matter for interlocutory appeal when: (1) the Order appealed from presents a controlling question of law, (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the Order may materially advance the ultimate termination of litigation." *Ferreira v. Modell's Sporting Goods, Inc.*, No. 11 CIV.

2395 (DAB), 2013 WL 1344697, at *2 (S.D.N.Y. Mar. 28, 2013) (citing 28 U.S.C. § 1292(b)). "Courts place particular weight on the last of these three factors" which is satisfied "if that appeal promises to advance the time for trial or to shorten the time required for trial." *Florio v. City of N.Y., N.Y.*, No. 06-CV-6473 (SAS), 2008 WL 3068247, at *1 (S.D.N.Y. Aug. 5, 2008) (citations and internal quotation marks omitted). The Court finds that Plaintiffs have met their burden in demonstrating Section 1292(b) factors. Much of Plaintiffs' Section 1292(b) motion centers on whether a conflict exists in this Circuit between Rule 23 standards for class certification and FLSA Section 216(b) standards for certification of a collective action. Plaintiffs' Memorandum of Law in Support of Certification ("Pls' Mem.") at 7–11, ECF No. 1145. Plaintiffs contend that the Court's Mem. & Order reflects the uncertainty in differences between the two standards. *Id.* at 9. The Court disagrees with Plaintiffs' argument that there is a "rift" between the Rule 23 and Section 216(b) standards. The Court's Mem. & Order made clear that its Section 216(b) analysis considered separate factors from its Rule 23 class certification analysis. Mem. & Order at 17–18. Nonetheless, Plaintiffs' assertions do point to controlling questions of law which may have substantial grounds for a difference of opinion.

The Second Circuit will review this Court's Rule 23 class certification decision pursuant to Rule 23(f). However, the Second Circuit's review under Rule 23(f) would not likely encompass the portion of this Court's decision decertifying the Section 216(b) collective action. *See Myers v. Hertz Corp.*, 624 F.3d 537, 556 (2d Cir. 2010). Given that Plaintiffs are adamant that the two standards need elucidation and that this Court erred in applying the standards, it seems proper to grant Section 1292(b) relief in order for the Circuit to review the entire Mem. & Order. Review of the entire Mem. & Order would avoid the possibility of conflicting decisions on Plaintiffs' class motions, promote judicial efficiency, and avoid piecemeal appellate litigation.

Further, the Second Circuit has recognized that class certification decisions have the potential to materially advance the ultimate termination of the litigation which the Second Circuit has held may warrant Section 1292(b) relief. *Marisol A. by Forbes v. Giuliani*, 104 F.3d 524, 529 (2d Cir. 1996).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion is GRANTED. The Court's Mem. & Order, ECF No. 1135, is hereby certified for interlocutory review pursuant to Section 1292(b). The Clerk of the Court is directed to terminate ECF Nos. 1144 & 1150.

Pursuant to the parties' stipulation, the Court extends the tolling period for the statute of limitations and stays this action through the date of the Second Circuit's decision on certification of the Section 1292(b) appeal. *See* ECF No. 1157, Ex. 1. If the Second Circuit certifies Plaintiffs' Section 1292(b) appeal, the tolling period and stay will remain in effect through the date that both appeals are resolved.

**SO ORDERED.**

**Dated:** September 25, 2017
New York, New York

*/s/ Andrew L. Carter, Jr.*

HON. ANDREW L. CARTER, JR.
United States District Judge