USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/8/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**MAXCIMO SCOTT** and **JAY ENSOR,** *on behalf of themselves and all others similarly situated*,

        **Plaintiffs,**

  -against-

**CHIPOTLE MEXICAN GRILL, INC.,**

        **Defendant.**

12-cv-8333 (ALC)

<u>ORDER</u>

**ANDREW L. CARTER, JR., United States District Judge:**

  On October 19, 2021, the parties notified the Court that they had reached a settlement of this action brought pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law. ECF No. 1193. The parties submitted a joint letter with supporting documentation arguing that the proposed settlement is fair and reasonable and otherwise does not implicate any of the concerns cited by the Second Circuit Court of Appeals in C*heeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). ECF No. 1193.

  Upon review, the Court has concerns about several of the provisions contained in the proposed settlement agreement:

  First, the confidentiality provision in the proposed settlement agreement is exactly the kind of "highly restrictive" provision that the *Cheeks* court cited with disapproval. 796 F.3d at 206 (citing *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 177-78 (S.D.N.Y. 2015). Section 4(B) of the proposed agreement provides that Named Plaintiffs will not disclose "the Parties' settlement discussions, the existence and/or terms of the Settlement, and/or facts and event leading up to the same provided that nothing herein shall limit communication between Plaintiffs' counsel and Collective Members." ECF No. 1192-3 (Joint Stipulation of Settlement

1

and Release). Section 4(B) further limits Plaintiffs by restricting their comments to the media, defined broadly, directing Plaintiffs and Plaintiffs' counsel to respond only that "they are pleased with the settlement, that they think it provides real relief for the collective and they are pleased they could bring the case to a resolution without the need for further litigation." *Id.*

The terms of the confidentiality provision are similar to those rejected in *Nights of Cabiria*. *See* 96 F. Supp. 3d at 174-75. Such provisions "further[] resolution of no bona fide dispute between the parties, but rather thwart[] Congress's intent to ensure widespread compliance with the statute . . . by silencing the employee who has vindicated a disputed FLSA right." *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-02592 (LAK), 2015 WL 129723, at *2 (S.D.N.Y. Jan. 9, 2015) (citation and internal quotation marks omitted).

Second, Plaintiffs' Counsel have not provided sufficient evidence to establish a "factual basis for the [fee] award," without which the Court is unable to "determin[e] the reasonableness of proposed attorney's fees." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 336 (S.D.N.Y. 2012). The Settlement Agreement provides for $6.1 million of the $8 million dollar settlement to be paid to Plaintiffs' Counsel. Settlement Agreement § 3.2(A). Some firms provide descriptions of costs accrued and hours billed, but attorneys from Goldstein & Russell P.C. have not submitted comparable evidence. *Compare* ECF No. 1195 (Declaration of Melissa Stewart) *with* ECF No. 1195-5 (Declaration of Sarah E. Huntington). Ms. Huntington provides no evidence to support Goldstein & Russell's claim for attorney's fees in this action.

In light of these concerns, the Court is not prepared to accept the settlement at this time. The parties are directed to revise the settlement agreement and terms accordingly and resubmit it for reconsideration on or before **November 22, 2021**.

**SO ORDERED.**

**Dated**:   November 8, 2021
            New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**