

**Elizabeth Bulat Turner**
Attorney at Law
(404) 909-8108
bturner@martensonlaw.com

December 7, 2021

<u>Via ECF</u>
The Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

   Re:   *Scott v. Chipotle Mexican Grill, Inc.*, No. 12 Civ. 8333 (ALC) (SN)

Dear Judge Carter:

      Together with Lena A. Brinjikji and Kendra Beckwith of Messner Reeves LLP, we represent Defendant Chipotle Mexican Grill, Inc. in the above-referenced matter and write regarding the Court's November 8, 2021 Order (Doc. No. 1196; the Court's "Order"). The parties were ordered to submit a revised settlement agreement no later than December 6, 2021 in response to the Court's concerns about the confidentiality provision. The parties requested an extension until December 8, 2021 in order to fully execute the revised settlement agreement and simultaneously submit the additional information requested by the Court.

      This letter addresses the parties' proposed revisions and demonstrates that they are appropriate and acceptable under applicable authority and consistent with provisions previously approved by this Court. Plaintiffs are submitting a separate letter in response to the Court's request for additional information regarding fees and costs.

*Revised Confidentiality Provisions*

      To address the Court's Order, the parties removed the confidentiality provision and revised the no publicity clause in accordance with the Court's instructions. The revised fully executed Settlement Agreement is enclosed herewith as **Exhibit A**.

      The revised no publicity provision now applies only to counsel and contains an express carve-out allowing the named plaintiffs and service award plaintiffs to make truthful statements to any source about their experience litigating the lawsuit or the underlying allegations. This narrowly-tailored no publicity provision is consistent with similar provisions that have been approved by Your Honor. *See, e.g., Lodescar et al v. Denihan Hospitality Group et al*, 1:14-cv-8218 (ALC) (Doc. No. 51, March 9, 2017) (approving agreement that included mutual no publicity clause containing an explicit carve-out allowing plaintiff to make truthful statements to any source about her experience litigating the lawsuit). It is also consistent with the no publicity provisions approved by this Court and other courts within the Second Circuit. *See Strauss v. Little Fish Corp.,* No. 19-cv-10158 (LJL), 2020 WL 4041511, at *2 (S.D.N.Y. July 17, 2020) (approving revised settlement agreement that included confidentiality provision with carve-out stating, "The Parties

Hon. Andrew L. Carter, Jr.
December 7, 2021
Page 2

agree that this provision does not limit [Plaintiff] from discussing the Underlying Action"); *Russell v. Broder & Orland, LLC*, No. 3:17-cv-1237 (VAB), 2018 WL 3104101, at *4 (D. Conn. June 22, 2018) (approving revised settlement agreement that "includes clarification that the agreement's [non-disparagement and confidentiality] provisions are not "intended to prevent or prohibit [Plaintiff] from talking about her experience litigating the Action").

For the foregoing reasons, the proposed settlement should be approved in its entirety. *See* ECF No. 1195-2 (Proposed Approval Order). Should the Court require further clarification regarding the foregoing, Defendants respectfully request a telephone conference to discuss the Court's Order so that they can clarify and address the Court's concerns.

Respectfully Submitted,

MARTENSON, HASBROUCK & SIMON LLP

Elizabeth Bulat Turner, Esq.

*Counsel for Defendant*

cc:   Counsel of Record (via ECF)

4874-3596-7493, v. 3